(No. 39833.—

The People of the State of Illinois, Appellee, *vs.* Irwinna Weinstein, Appellant.

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

Frank G. Whalen, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant, Irwinna Weinstein, was indicted together with Richard Mattox for the murder of her husband, Harvey Weinstein. After being granted a severance, she was found guilty by a jury and sentenced to a term of 20 to 30 years in the State Reformatory for Women. The appellate court affirmed her conviction, (*People* v. *Weinstein*, 66 Ill. App. 2d 78,) and we have granted leave to appeal. Defendant contends here, as in the appellate court, that she was not proved guilty beyond a reasonable doubt

and that many prejudicial erros deprived her of a fair and impartial trial.

It is unnecessary to fully set forth the evidence at the trial as it is accurately summarized in the opinion of the appellate court. It is sufficient to state that the body of Harvey Weinstein was found dead in a burning station wagon in a Chicago garbage dump on September 29, 1963. There was medical evidence that he had died from a blow or other trauma to the head. The State's theory at the trial was that defendant incited, aided and abetted her illicit lover, Richard Mattox, in the murder of her husband, and is accountable for his murderous act. This theory is supported by substantial circumstantial evidence. However, we believe that errors intervened during the trial to the prejudice of the defendant.

First, we turn our attention to defendant's claim that the State made persistent and repeated arguments to the jury that she must create a reasonable doubt of her guilt before she can be acquitted. On five or six occasions during the course of final argument, all without objection by the defense, one of the prosecutors represented to the jury that it was the burden of defendant to present evidence creating a reasonable doubt of her guilt, and commented that particular evidence introduced by defendant did not create such doubt. Finally, defense counsel objected and his objection was sustained when the prosecutor stated: "* * * before you can find her not guilty, you must say that she had created a reasonable doubt." Undaunted by the court's ruling, the prosecutor then immediately continued: "To overcome the presumption of innocence she must raise this reasonable doubt," to which an objection was also sustained. Over all, it appears that some seventeen objections were made, and sustained, as the prosecutors argued to the jury. Under the circumstances of this case, it is our opinion that prejudicial error occurred.

It is a fundamental doctrine of our system of criminal

jurisprudence that the law presumes the innocence of an accused until he is proved guilty beyond a reasonable doubt. (*People* v. *Magnafichi,* 9 Ill.2d 169; *People* v. *Casey,* 399 Ill. 374.) The presumption is "founded on the first principles of justice, and is intended, not to protect the guilty, but to prevent, so far as human agencies can, the conviction of an innocent person." (22A C.J.S., Criminal Law, sec. 581, p. 336.) Equally basic is the rule of law that the burden is on the prosecution to prove beyond a reasonable doubt the commission of the crime charged and to establish by the same degree of proof the perpetration of the crime by the person accused; that is to say, the prosecution has the burden of proving beyond a reasonable doubt all the material and essential facts constituting the crime. (*People* v. *Benson,* 19 Ill.2d 50; *People* v. *Handzik,* 410 Ill. 295.) The burden of such proof never shifts to the accused, but remains the responsibility of the prosecution throughout the trial. *People* v. *Sanders,* 357 Ill. 610; *People* v. *Robinson,* 308 Ill. 398.

The argument of the prosecutor in this case transgressed these established precepts and, we believe, manifestly prejudiced the defendant. The repeated assertions that defendant had the burden of introducing evidence to create a reasonable doubt of guilt before she could be found not guilty were not only incorrect statements, of the law, but had two harmful effects. In essence, they destroyed the presumption of innocence, to which defendant was entitled at all stages of trial, (*People* v. *Long,* 407 Ill. 210, 213,) and they imposed upon defendant a heavier burden than the law required while lessening that of the prosecution. (*Cf. People* v. *Arcabascio,* 395 Ill. 487, 494-495; *People* v. *Spranger,* 314 Ill. 602, 614.) Additionally, the argument was tantamount to telling the jury that defendant had the burden of proving her innocence.

Further error occurred in the People's closing argument

relating to the testimony of defendant's neighbors. The People introduced the testimony of six neighbors of the defendant in rebuttal for the purpose of establishing that one of the People's witnesses, Mrs. Lome, had a general reputation for sobriety. We agree with the appellate court that this testimony was justified on the ground that defendant had raised the issue of Mrs. Lome's sobriety. However, in referring to these witnesses, the prosecutor in final argument stated: "They knew Irwinna Weinstein, they are neighbors charging her with the serious crime of murder." Such characterization of the six neighbors' testimony was completely unwarranted and prejudicial to the defendant.

The People urge that the improper argument was not preserved for review because the defense counsel failed in some instances to object. This court, however, will consider errors not properly preserved in a criminal case where the evidence is evenly balanced, (*People* v. *Bradley,* 30 Ill.2d 597,) or where their nature is such as to deprive an accused of his constitutional rights. (*People* v. *McKinstray,* 30 Ill.2d 611; *People* v. *Burson,* 11 Ill.2d 360.) We have also considered the prejudice to defendant in the ·People's persistence in improper argument after an adverse ruling by the court. Such persistence eliminates the salutary effect of the court's ruling in sustaining objections to the argument. *People* v. *Polenik,* 407 Ill. 337, 347; *People* v. *Black,* 317 Ill. 603.

We do not believe that prejudicial error was avoided because other parts of the closing arguments and a jury instruction properly advised the jury of the burden of proof. In light of the constant repetition of the erroneous premise that defendant had the burden of introducing evidence to create a reasonable doubt of her guilt, we cannot say that the jury conducted its deliberations free from confusion or was corectly informed as to the law. We cannot presume, as the appellate court did, that the jury was unaffected by the

argument. Doubt as to its harmful effect must be resolved in favor of the defendant.

Since we hold that this case must be remanded for a new trial, we need not decide if the trial court's prompt action in sustaining an objection to concededly improper testimony concerning insurance on the life of the deceased cured the prejudice created. We assume that such testimony will not be adduced upon a new trial.

Because of our conviction that the closing argument of the People deprived the defendant of a fair trial, the judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*