**People of the State of Illinois, Plaintiff-Appellee, v. William A. Purnell, Defendant-Appellant.**

**Gen. No. 51,790.**

First District, Third Division.

February 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County, Criminal Division, finding the defendant, William A. Purnell, guilty of the crime of robbery. The case was tried before the court without a jury, and the defendant was sentenced to a term of two to four years in the Illinois Penitentiary.

The defendant contends: 1) that the trial court erred in excluding certain evidence relative to the identification of the accused; 2) it was error to introduce the defendant's photograph bearing the legend "Police Department, Maywood, Illinois, 3458"; 3) that the defendant was not proven guilty beyond a reasonable doubt.

At approximately 6:00 p. m. on the evening of December 10, 1965, the robbery victim, Ann Chalifoux, was walking toward her home in the Village of Westchester when she was accosted from behind and thrown to the ground. The attacker took her purse and fled, where-

upon Miss Chalifoux went home, called the police and described her attacker.

At about 7:15 that evening, Miss Chalifoux accompanied one Officer Marasco to the police station at which time she viewed 30 to 40 photographs and from these, she picked out a photograph of the defendant but was not sure of her identification as she stated to the police "this could possibly be the fellow." This photograph showed the defendant with a moustache, but Miss Chalifoux did not remember if her attacker wore a moustache when she gave her original description. When Miss Chalifoux aided the police in constructing a composite drawing of her attacker, the composite did not include a moustache.

On the evening of December 17, 1965, the victim positively identified the defendant in a police showup, and after this identification, the defendant was placed in the custody of the Westchester police.

Two police officers, Officer Pulia and Officer Marasco, testified that on December 19, 1965, the defendant told them while in custody that he was the man they were looking for and that he was the only participant in the robbery and that he had thrown the purse over a bridge in Broadview. Officer Pulia testified that on December 10, 1965, the victim's purse had been returned to him by a Broadview police officer. The police also stated that the defendant later retracted his admissions and refused to sign a written statement admitting his guilt. Both officers admitted to making out a police report on December 20, 1965, in which was contained the alleged admissions made by the defendant to these officers. Neither officer signed or initialled the report but both admitted that they coauthored the report.

The defense offered the testimony of three witnesses to establish an alibi defense. The witnesses' testimony accounted for the defendant's whereabouts from about Four p. m. to Eleven p. m. on the evening of December 10, 1965. The State attempted to rebut the alibi de-

fense and to impeach the alibi witnesses by offering the testimony of Judith Klink who testified that on that evening at about 5:40 p. m. she was accosted in the vestibule of her apartment building at 506 S. Cuyler Avenue in Oak Park, Illinois. She identified her attacker as the defendant and testified that he was dressed in a dark olive jacket, with a hood that had fur around its edges.

The defendant argues that the admission of the police photograph of the defendant from which the victim made a tentative identification was prejudicial error since the photo should only have been admitted with the other photos viewed by the victim. The record indicates that defense counsel's objection to the photo's admission was on the sole ground that it bore the legend evidencing a prior arrest. No objection was made regarding the absence of the other photos viewed by Miss Chalifoux. An objection to evidence, based upon a specific ground, is a waiver of objection on all grounds not specified. (People v. Washington, 23 Ill2d 546, 179 NE 2d 635.) Hence, it is unnecessary to discuss the merits of this contention raised for the first time on appeal. Moreover, the defendant's contention is without merit. A photograph of an accused from which a complainant makes an identification is a proper means of identification and can be properly admitted into evidence. (People v. Maffioli, 406 Ill 315, 94 NE2d 191.) The defendant is not correct in urging that there was an improper exclusion of evidence. The State offered one photograph. The defense offered none. The defendant could have had these photos admitted into evidence during the presentation of his case in order to cast doubt upon the weight to be accorded such evidence.

The defendant next assigns as error the admission of the police photograph of the defendant bearing the legend, "Police Department, Maywood, Ill. 3458." The instant case is readily distinguishable from People v. Wil-

liams, 72 Ill App2d 96, 218 NE2d 771, in which the court held that it was improper to admit a photograph bearing the legend "Jackson State Prison" since the defendant did not testify and since the photo served to show that the defendant had been convicted of a crime. In the case at bar the legend complained of does not indicate a conviction of a crime. In People v. Maffioli, supra, the Supreme Court held that admission of photos of the defendant each bearing the legend "Police Dept., Rockford, Ill. 6874 John Maffioli 8–26–49" was proper since the photos were not offered into evidence to show an arrest for another offense but were offered for the relevant purpose of identification. The Maffioli case is controlling in this case, and thus we find the defendant's argument to be without merit.

In arguing that he was not proven guilty beyond a reasonable doubt, the defendant attempts to characterize this case as one in which his conviction rested solely upon the identification by Miss Chalifoux which the defendant contends was doubtful, vague and confusing. The defendant emphasizes his alibi defense which he claims should not be disregarded since the identification testimony is allegedly vague and uncertain.

This court cannot accept such a characterization of the case before us. The record indicates that the defendant did initially make an oral admission of his guilt to the two police officers. The defendant asserts that the proof of an oral admission was so weakened by impeachment on cross-examination of the two police officers that it hardly merits consideration. The attempted impeachment referred to was directed at certain alleged alterations in copies of the written police report which contained a report of the oral admission. The defendant seemingly ignores the fact that Officer Pulia testified that the defendant admitted the crime to him. The defendant also ignores the fact that Officer Marasco corroborated Pulia's testimony. Any alleged alterations made

in the report by parties unknown does not make the testimony of both officers relative to the oral admission unfit for consideration but merely goes to the weight to be given such testimony. The probative value of the admission is strengthened by the fact that the purse was discovered in the vicinity in which the accused admitted discarding it.

It should also be noted that Judith Klink's testimony, if believed by the trial judge, would clearly rebut the testimony of the defendant's three alibi witnesses. Miss Klink significantly had described the defendant as wearing a dark olive green jacket with a hood which had black fur around the edge. This description was identical to Miss Chalifoux's description of the clothes worn by her attacker. The defendant further asserts that Miss Klink's testimony is inherently incredible since the distance between the two offenses was too great to have been committed within twenty-five minutes of each other. Neither witness was certain as to the exact time at which the robberies occurred and both gave approximations as to the time of the occurrence. In addition, the record indicates that the distance between the Village of Oak Park and the Village of Westchester is about three to four miles and that both are served by the Eisenhower Expressway. This court cannot conclude that the testimony of Judith Klink was not entitled to any weight by the trier of fact.

The defendant contends that the manner of the one-man showup from which the victim positively identified the defendant was so suggestive as to be entitled to no weight. It must be remembered that the defendant had previously been tentatively identified from his photograph and that the personal view was to ostensibly confirm this identification. The Supreme Court said in People v. Boney, 28 Ill2d 505, 509, 192 NE2d 920:

> "However, 'There is no requirement in the law that an accused person must be placed among a group

of persons for the purpose of testing the ability of a witness to identify him as the guilty person,' (People v. Crenshaw, 15 Ill2d 458, 464), and the manner 'does not render the identification incompetent, but only goes to the weight of the evidence.' (People v. Mikka, 7 Ill2d 454, 458–9; People v. Washington, 26 Ill2d 207, 210.)"

■ ■ It is alleged by the defendant that the victim's identification of the defendant was vague and uncertain. Great stress is placed upon the fact that the victim was not sure whether the defendant had a moustache even though she admitted to viewing him at close range during the attack. The defendant also emphasizes the tentative nature of the identification made from the defendant's photograph. The fact that the witness made only a tentative identification must be viewed together with the fact that she positively identified the accused when she viewed him in police custody. It is certainly not unusual for a witness to have doubts as to a party's identity when confronted with a photograph of unknown age or quality. However, it is somewhat unusual that the victim would not remember whether her attacker wore a moustache on the evening in question. In People v. Marshall, 74 Ill App2d 483, 221 NE2d 133, and in People v. Kincy, 72 Ill App2d 419, 219 NE2d 662, robbery convictions were reversed due to the identifying witness' failure to remember whether the accused wore a moustache at the time of the robbery. However, these cases and other cases cited by the defendant in which convictions were reversed on the ground of vague and uncertain identification are all distinguishable from the case at bar. In the cited cases, the convictions were predicated upon eyewitness identification with little or no surrounding circumstantial evidence. In the instant case, the testimony of Officers Pulia and Marasco and of Judith Klink dispel the uncertainties surrounding Miss Chalifoux's identification. The credibility of these wit-

nesses and the weight to be given their testimony was to be determined by the trial judge. On the strength of the evidence presented by the record, we find no reason to disturb the determination by the trier of fact.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.