THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY HAWKINS, Defendant-Appellant.

(No. 71-45; )

Third District—March 21, 1972.

*Rehearing denied April 24, 1972.*

James Geis, of Defender Project, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On February 20, 1970, an establishment in Kankakee, Illinois, known as Royal Jewelers was robbed by three Negro men, one of whom was armed with a shotgun. After being charged as a participant in the robbery the defendant, Larry Hawkins, was tried by a jury, found guilty and convicted of the crime of armed robbery. He was sentenced to a term of imprisonment of not less than three nor more than seven years.

The defendant appeals this conviction and the issues presented for review are three-fold, to-wit, (1) whether the introduction into evidence of photographs of the defendant commonly known as "mug shots" was prejudicial and deprived defendant of his right to a fair trial; (2) whether error was committed when defendant was denied counsel at the preliminary hearing stage of the proceedings against him; and (3) whether the trial court erred in refusing an alibi instruction tendered by the defendant.

After the robbery of the jewelry store a Mr. White, the owner, and a Mr. Moriarty, an assistant manager, both of whom were present in the store at the time of the robbery, were asked by the police to examine a great number of photographs for the purpose of identifying the robbers. Both of these gentlemen selected two sets of photographs later identified as People's Exhibits Numbered 11 and 12, and stated that they portrayed one of the men who robbed the store. These two sets of photographs were pictures of the defendant. The photographs were the type referred to in police parlance as "mug shots". They showed a full face and profile view of the defendant standing in front of a height chart and around his neck was a sign which contained the legend "Kankakee, Ill. P. D." and the defendant's name. On one set of photographs the date on the sign was "14 Dec. '68" and on the other was the date "23 Dec. '69." During the trial of the defendant he was identified in open court as being one of the robbers by the testimony of the two occurrence witnesses, Mr. White

and Mr. Moriarty, and further by the testimony of an alleged accomplice. After this in court identification the State then offered into evidence People's Exhibits numbered 11 and 12 which were the "mug shots" of the defendant. Defense counsel's objection on the ground that they were prejudicial was never specifically ruled upon but was in effect overruled by the trial court's admission of the exhibits.

■■■ A defendant in a criminal case has a right to be tried by the law of the land, and a conviction secured through improper methods designed to prejudice the jury in disregard of that law cannot be condoned. We are therefore called upon to determine whether the admission into evidence of "mug shots" of the defendant was so prejudicial as to deny him his right to a fair trial. It is fundamental that mere proof that a party has suffered arrest cannot be used against him in a criminal case. The rule is different, however, where the defendant has previously been convicted of a felony, but even then only the record of the conviction or a certified copy thereof may be introduced as proof. (*People v. Bennett,* 413 Ill. 601, 110 N.E.2d 175; *People v. Herbert,* 361 Ill. 64, 196 N.E. 821.) There is no question but what the photographs in the instant case indicated that the defendant had in the past incurred some difficulty with the law. He was being tried for a crime committed in the year 1970, but the two sets of pictures indicated that he had been photographed by the police in 1968 and again in 1969. The State cites the case of *People v. Purnell,* 105 Ill.App.2d 419, 245 N.E.2d 635, as controlling of the question presented in the case now before us. In *Purnell* the trial court admitted into evidence a police photograph of the defendant bearing the legend "Police Department, Maywood, Ill. 3458." On review the court held that no error had been committed since the photograph and the legend contained thereon did not indicate a conviction of a crime. It is also to be noted that in *Purnell* the complained of photograph and legend further did not indicate any previous arrest by the defendant. In *Purnell* the reviewing court cited as precedent for its ruling the case of *People v. Maffioli,* 406 Ill. 315, 94 N.E.2d 191. In *Maffioli* the trial court admitted into evidence a photograph of the defendant bearing the legend "Police Dept., Rockford, Ill. 6874 John Maffioli 8—2—49." Our Supreme Court held that no error had been committed since the photographs were not presented in evidence for the purpose of showing an arrest for another offense but were properly admitted as the photograph from which the defendant was first identified by an eyewitness to the crime charged, and in addition the photographs were relative to the material issue of defendant's style of haircut and general appearance in August, 1949. Again we are compelled to note that in the *Maffioli* case the photograph bore date 8-26-49 and the defendant was being tried for a

crime committed on August 9, 1949. In *Maffioli* the photograph clearly indicated that it had been taken by the Police Department after the date of the crime for which the defendant was being tried, while in the instant case the photographs just as clearly indicated that on two occasions prior to the date of the crime in question the defendant had been in police custody.

■■■ The defendant cites several cases to support his contention that he was prejudiced in his right to a fair trial when the jury had the opportunity of examining the photographs and reading the legends appearing on them; however, we believe that the law relating to this question is best set forth in the case of *People v. Smith,* 118 Ill.App.2d 65, 254 N.E.2d 596. It was in this case that although the admission of photographs was held to be proper it was because the trial judge had explained to the jury that the picture was taken at the time the defendant was arrested for the offense for which he was on trial; that it showed no evidence of a previous conviction and it was only used to refute defendant's contention that his face had been cut during a fight with the deceased as he claimed, which was corroborative of the testimony of several of the People's witnesses in this regard. The case of *People v. Murdock,* 39 Ill.2d 553, 237 N.E.2d 442, also involved the question as to the propriety of the admission of photographs into evidence which were of the type which are referred to as "mug shots." Our Supreme Court stated:

"We agree that the front and profile views of the defendant in the photographs might very well suggest to the jury that they were "mug" shots taken for police files and, since there was no probative purpose for their admission into evidence find that the photographs were erroneously admitted."

The defendant's conviction in the *Murdock* case was reversed on other grounds and the court stated that it was not necessary to consider whether such evidence (referring to the photographs) alone would be so prejudicial as to require a new trial.

We can only conclude that in the instant case the admission of the photographs was sufficiently prejudicial to deny the defendant his right to a fair trial. On the face of them it was clearly shown that the pictures were not taken as the result of the charge for which the defendant was being tried. In fact, the legends on the pictures documented that the defendant had in previous years on two separate occasions been arrested or had been in police custody for conduct totally unrelated to the crime for which he was being prosecuted. Evidence which tends to show that an accused has committed crimes or acts of misconduct which are distinct and entirely unrelated to the one for which he is being tried is

both incompetent and prejudicial. (*People v. Donaldson,* 8 Ill.2d 510, 134 N.E.2d 776.) The State argues that since the question as to the propriety of admitting the photographs into evidence was not raised in the defendant's motion for a new trial that it was consequently not preserved for review. Under *People v. Richards,* 120 Ill.App.2d 313, 256 N.E.2d 475; *People v. Weinstein,* 35 Ill.2d 467, 220 N.E.2d 432; and Supreme Court Rule 615(a), Ill. Rev. Stat. 1969, ch. 110A, par. 615(a), we find that we have ample authority to consider substantial rights even though not properly preserved at trial.

For the reasons set forth we believe that the defendant is entitled to a trial free from the prejudicial effect resulting from the admission into evidence of photographs of the kind and nature that were introduced during the course of his trial.

Now turning our consideration to the second alleged error claimed by the defendant, we conclude that the fact that defendant was not represented by counsel at his preliminary hearing was not a denial of due process and in violation of the sixth and fourteenth amendments to the constitution of the United States. We are cognizant of the opinion in the case of *Coleman v. Alabama,* 399 U.S. 1, where our United States Supreme Court on June 22, 1970, stated that a preliminary hearing in an Alabama prosecution was a "critical stage" and denial of counsel at such a proceedings was violative of our Federal constitution. In *People v. Adams,* 46 Ill.2d 200, 263 N.E.2d 490, decided by our State Supreme Court on September 29, 1971, it was stated:

"* * * We conclude that the preliminary hearing procedures of Alabama and Illinois are substantially alike and we must consider because of *Coleman v. Alabama,* 90 S. Ct. 1999, 26 L.Ed.2d 387, that a preliminary hearing conducted pursuant to section 109—3 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 109—3) is a "critical stage" in this State's criminal procees so as to entitle the accused to the assistance of counsel."

Our Supreme Court further held in *People v. Adams, supra,* that *Coleman v. Alabama, supra,* should not be given retroactive application but is to be applied prospectively only. In making this determination our Supreme Court stated:

"It is clear, too, that a retroactive application of *Coleman* would obviously have a far reaching and grievous effect on the administration of justice. Thousands of cases without doubt would have to be reconsidered in light of the new requirement. The impact of this on already congested criminal dockets and now overburdened courts would be increased by the evident difficulties of applying the harmless error doctrine (*Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d

705) to many of the cases to be reconsidered as the Supreme Court directed to be done in *Coleman*. We conclude from these considerations that *Coleman* should not be given retroactive application."

■■ In the instant case the preliminary hearing of the defendant was held on April 17, 1970, more than two months prior to the opinion in *Coleman*. Defendant argues that since his trial and conviction were had after the decision in *Coleman* the rule stated therein applies even though his preliminary hearing occurred prior to that decision. With this tenuous reasoning we cannot agree. The case of *People v. Adams, supra,* completely refutes such reasoning.

■■ Lastly, we conclude that it was not error for the trial court to refuse to give the instruction tendered by the defendant on the subject of alibi. The question of alibi instructions is specifically covered by I.P.I.— Criminal, 24.05, where the committee recommends that no instructions on this subject be given, noting that alibi is not an affirmative defense and that the policy of the committee was that instructions should avoid commenting on particular types of evidence. See *People v. Poe*, 48 Ill.2d 506, 272 N.E.2d 28.

For the reasons we have set forth we conclude that this case should be reversed and remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.