THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY CLARK, Defendant-Appellant.

(No. 72-142; )

Third District—June 8, 1973.

Jack Rimland, of Chicago, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Kankakee County where the defendant Jeffrey Clark after trial by jury was found guilty of the crime of armed robbery and sentenced to a term of not less than four nor more than eight years in the penitentiary.

The defendant raises several issues for review, among which is his contention that the trial court committed reversible error by permitting an introduction into evidence of what in police parlance is referred to as a "mug shot" of the defendant from a previous arrest.

During the course of the trial the prosecution attempted to introduce in evidence People's Exhibit Number 9, which consisted of two pictures of the defendant. The pictures were set forth on one piece of photographic paper and were what is known as "mug shots." They portrayed the defendant in both a frontal and profile view, standing in front of a height chart with an identification sign hanging from his neck. The signs contained legends which set forth the name of the defendant, the words "Kankakee, Ill. P." and the numbers "69." Such legends could only serve to impart the information that the defendant had a considerable time prior to his trial been arrested or apprehended by the Kankakee police department as the result of some difficulty with the law.

Counsel for the defendant objected to the admission of exhibit number 9 into evidence but after a conference with the court and the State it was agreed that the legend appearing on the frontal view of the defendant would be deleted by cutting it out. The legend on the profile view was not removed presumably because it was quite difficult to read. The exhibit was then permitted to go into evidence with the consent of counsel for the defendant.

■■ This court recently considered the propriety of admitting into evidence "mug shots" like those which were admitted in the instant case. We concluded that the admission of the photographs was sufficiently prejudicial to deny the defendant his right to a fair trial, since on the face of them it was clearly shown that the pictures were not taken as the result of the charge for which the defendant was being tried. (*People v. Hawkins,* 4 Ill.App.3d 471, 281 N.E.2d 72.) In *Hawkins* we cited *People v. Donaldson,* 8 Ill.2d 510, 134 N.E.2d 776, which held that evidence which tends to show that an accused has committed crimes or acts of misconduct which are distinct and entirely unrelated to the one for which he is being tried is both incompetent and prejudicial. The "mug shots" in the instant case show that the defendant had been in the custody of the Kankakee Police Department in the year 1969 but he was being tried for a crime which occurred on June 29, 1970. The effort to remove the prejudicial effect of the "mug shots" by deleting the legend on the frontal view was ineffective since the legend containing the same information remained on the profile view of the defendant. In fact, an examination of the "mug shots" after the deletion could only lead the jury to speculate as to what information the deleted portion of the photograph had contained. The prejudicial effect of such evidence is

of such magnitude as to overcome any relevancy or probative value that it may have had.

■■ The State argues that the admission of the "mug shots" into evidence was agreed to by counsel for the defendant and that further this alleged error was not raised in the defendant's motion for a new trial and consequently it was not preserved for review. Supreme Court Rule 615(a) (Ill. Rev. Stat. 1969, ch. 110A, sec. 615(a)) provides that plain error or defects affecting substantial rights may be noticed by reviewing court although they were not brought to the attention of the trial court. See *People v. Weinstein,* 35 Ill.2d 467, 220 N.E.2d 432; *People v. Shields,* 9 Ill.App.3d 682, 295 N.E.2d 153; *People v. Hawkins,* 4 Ill.App.3d 471, 281 N.E.2d 72; and *People v. Richards,* 120 Ill.App.2d 313, 256 N.E.2d 475.

■■ It is clear that Supreme Court Rule 615(a) is permissive and it is within the discretion of the reviewing court to determine whether or not substantial rights of the defendant have been affected and thereby should be considered on appeal. The defendant's right to a fair trial requires us to exercise such discretion and we have accordingly done so and for the reasons set forth we believe that the defendant is entitled to a new trial free from the prejudicial effects resulting from the admission into evidence of photographs of the kind and nature that were introduced during the course of his trial.

Having reached this conclusion it becomes unnecessary for us to consider the other assignments of error raised by the defendant in this appeal. For the reasons set forth we reverse the conviction of the defendant and remand this case to the circuit court of Kankakee County for a new trial.

Reversed and remanded.

ALLOY, P. J., and DIXON, J., concur.