THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESLIE WEST, JR., Defendant-Appellant.

Second District   No. 75-509

Opinion filed August 5, 1977.

Ralph Ruebner and Michael Mulder, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant Leslie West was found guilty by a jury of armed robbery and was sentenced to 6 to 10 years in the Department of Corrections. Of the points raised on appeal, we need only reach the contention that defendant was deprived of the right to a fair trial by the admission into evidence of a photograph of defendant which displayed prejudicial information. We reverse.

On October 15, 1974, a young black man entered a liquor store in Elgin, pulled a gun and ordered the store clerk to give him the money in the cash register. While doing so, the clerk observed the robber at a distance of 2 feet for 3 or 3½ minutes. The robber left the clerk in a cooler in the rear of the store and fled.

While the robbery was in progress, two IRS agents had entered the store's parking lot. One agent saw through the store window that something unusual was occurring and he went to the front door. At this time the robber exited the front door, where he passed within 8 feet of the agent. This agent viewed him for 10 or 15 seconds, and the other agent saw him for only 2 or 3 seconds from 15 feet away. Each of the witnesses was shown photos at the police station, but the robber was not identified as being among them. The clerk also assisted a police artist in preparing a sketch of the robber.

About 2 months later, the clerk was shown more photos from which he identified defendant as the robber. Later that day, another group of photos was shown to the clerk and again he selected the defendant as the robber. Four days later, he identified defendant as the robber when he was shown 6 or 7 persons separately.

At trial, each witness identified defendant as the robber. The police photograph of defendant was admitted as evidence, as were the rest of the "mug shots." Defendant denied committing the crime and, as an alibi, his witnesses stated that he was in southern Illinois on the day the robbery occurred.

The admission into evidence of defendant's photo with the words "Police Dept. Elgin Illinois" and the year 1972 shown on the face, and with IBI and FBI numbers on the back is raised as error. Although this matter was not preserved in the trial court, we find plain error here and exercise our discretion to review the issue under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a)).

■■ The State has argued that because defendant was allowed to be impeached by a 1970 robbery conviction, he would not be prejudiced by the jury learning of another prior contact with the police as shown by the date 1972 on the defendant's police photo. We reject this position. There is no question that it is error to admit a photograph which displays information possibly linking a defendant to an earlier offense not presently charged, because the prejudicial effect is so great as to overcome any relevance or probative value. (*People v. Clark* (1973), 12 Ill. App. 3d 280, 297 N.E.2d 395.) For this reason we are compelled to find that defendant's right to a fair trial was prejudiced by the admission of the photos of him which displayed such prejudicial information, and we must grant him a new trial. We need not reach the other allegations of error raised by defendant, as they are of a nature not likely to recur during the new trial.

Because of the error in the admission of defendant's photos displaying prejudicial information, the decision of the circuit court of Kane County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

GUILD and NASH, JJ., concur.