THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LORENZO WHEELER, Defendant-Appellant.

Second District   No. 77-560

Opinion filed April 18, 1979.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko, Barbara A. Preiner, and Martin P. Moltz, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant was convicted after a jury trial for the offenses of aggravated battery and armed robbery. He was sentenced to concurrent terms of 25-50 years for armed robbery and 3-9 years for aggravated battery. He appeals.

Defendant raises three contentions in this appeal. The first is that the trial court erred in admitting a photograph, or "mug shot," of the defendant bearing the legend "POLICE DEPARTMENT WAUKEGAN, ILL. D6644 10.28.76." The second contention is that the trial court erred in allowing the State to cross-examine the defendant as to his prior convictions, and lastly, that his sentence was excessive and improperly based on matters outside the evidence.

The testimony is that on the morning of March 6, 1977, the defendant went into a liquor store in Waukegan upon four occasions. The last time the defendant entered the liquor store, about 11:30 a.m., he was accompanied by another man. The proprietor of the liquor store, a Mr. Higgins, was struck in the left eye with a pistol by the defendant and Higgins struggled with the defendant over the gun. The other man then jumped over the counter and hit Higgins on the top of the head with a gun, knocking him to the floor. The defendant held a gun on Higgins while the other man took the money out of the cash register and the wallet from Mr. Higgins' back pocket. As the two men were leaving the store, the defendant swung at Higgins with his gun but missed him. The defendant was arrested at approximately 1:15 p.m. that same day in the vicinity of the liquor store.

Higgins testified and identified the hat and the pants that Wheeler was wearing when he was arrested as being the same ones worn by the defendant during the robbery. The pants had a leather stripe running down the side and the defendant testified and admitted that this was either the only pair of pants like this in the area or that possibly one other man had a pair like them in North Chicago. The hat was black felt with a red feather in it and the defendant admitted that he owned and wore one like it and that the hat identified by the victim "looks like my hat," but he would not admit that it was his.

■■ We shall consider first the contention of the defendant that he was improperly cross-examined as to the details and circumstances of his prior convictions. We disagree with this contention. The defendant testified in his own behalf and stated that he had been convicted of the felony offenses of breaking and entering in Michigan in 1970 and burglary and aiding and abetting in Wisconsin in 1971. On cross-examination the State posed the question as to whether the offense committed in Michigan was "breaking and entering a business place with intent to commit larceny" and the defendant replied, "they call it B & E." The further cross-examination dealt with the accuracy of the name upon the certified copy of the conviction in Michigan which originally listed the defendant as Eli Wheeler rather than Lorenzo Wheeler. The defendant admitted that it was he, Lorenzo Wheeler, to which the amended certificate referred. He further testified upon cross-examination that he had two, not one, felony

convictions in the State of Wisconsin. The certificates dealing with the convictions in Michigan and Wisconsin were then admitted. We do not find that this cross-examination was improper. Defendant put the issue of his prior convictions in the record and the cross-examination was clearly for the purpose of clarification. The certificates of conviction were properly admitted and the cross-examination had no prejudicial effect insofar as this defendant was concerned.

■■ ■ The third contention of the defendant, to-wit, that the court improperly considered extraneous material, is likewise without merit. He objects to the statement of the trial court that the defendant served the maximum time, that is 6 years and 9 months, for the breaking and entering conviction in Michigan. This was revealed by the presentence report of the probation department and is a proper matter for consideration by the trial court in sentencing. The second argument in this regard is that defendant had to be subdued in open court by three officers and brought back into the courtroom as he was leaving, or had left. The court explicitly stated that this was not a basis for his sentence, although the same was indicative of the defendant's attitude. In view of the severity of the attack upon the victim herein, the three prior felony convictions and the defendant's considerable record of minor offenses, the sentence herein is not excessive.

We turn then to the major issue in this case, and that is the admission of the "mug shot" of the defendant. Nine pictures, State's Exhibit 9A through 9F, were submitted to the victim and he identified Exhibit 9E, which was the defendant, as one of the robbers. This method of identification has been approved in this State for many years and the propriety of such identification was best stated in *People v. Ogden* (1966), 77 Ill. App. 2d 312, 314, 222 N.E.2d 329, 330:

> "The identification of accuseds, by victims of crimes, through the use of police photographs of known perpetrator of crimes is a time honored practice in the investigation of crimes and the detection of criminals. [*People v. Maffioli* (1950), 406 Ill. 315, 94 N.E.2d 191, cited.]"

In Illinois the use of mug shots for the identification of a defendant was approved in *People v. Maffioli* (1950), 406 Ill. 315, 94 N.E.2d 191. In that case the mug shot bore the legend "Police Department Rockford, Ill. 6874 John Maffioli 8—26—49." The court, in holding that the same was admissible, stated:

> "The photographs were not received in evidence for the purpose of showing an arrest for another offense, but were properly admitted as the photographs from which defendant was first identified by eyewitnesses to the crime charged" (406 Ill. 315, 322, 94 N.E.2d 191, 195),

and that is the situation in the case before us. The victim was able to identify the defendant from the photograph prior to his arrest and was further identified in open court as the party who had struck him with a pistol in his place of business and robbed him in the process.

There is a divergence of opinion in the appellate courts of this State, including this district, as to the admissibility of a mug shot bearing a legend thereon. The First District has approved the admissibility for identification purposes of a mug shot, in some instances with a legend removed therefrom and in other instances with indications thereon as to the police department or date involved. The First District, in *People v. Hayes* (1973), 14 Ill. App. 3d 248, 253, 302 N.E.2d 411, 415, considered a case where the legend was deleted and stated:

"Whether to admit a photograph [of the defendant] into evidence lies within the discretion of the [trial] court."

Likewise, in *People v. Smith* (1974), 20 Ill. App. 3d 756, 314 N.E.2d 543, the photograph with the legend deleted was deemed proper. Additionally, in *People v. Coleman* (1974), 17 Ill. App. 3d 421, 431, 308 N.E.2d 364, 371, the First District considered a case where the mug shot, in a Chicago case, bore the legend "11th and State." The court therein stated:

"[a]lthough a prior criminal record may be inferred from the use of police photographs, their admission into evidence or testimony in reference thereto, is not error, *per se.*"

In *People v. Mitchell* (1975), 34 Ill. App. 3d 311, 318, 340 N.E.2d 226, 232, the victim there viewed two albums of police photographs and picked out defendant's picture. The defendant urged that the use of police photographs constituted reversible error. The court rejected that argument, stating:

"Utilization of photographs in the identification procedure is a proper method of police investigation."

The first case confronting this issue and following *Maffioli* is *People v. Purnell* (1969), 105 Ill. App. 2d 419, 422, 245 N.E.2d 635, 636, where the court considered a similar situation as that before us where the mug shot bore the legend "Police Department Maywood, Ill. 3458," indicating a prior arrest. Citing *Maffioli*, the court stated:

"A photograph of the accused from which a complainant makes an identification is a proper means of identification and can be properly admitted into evidence."

In *People v. Adams* (1974), 22 Ill. App. 3d 665, 668-69, 318 N.E.2d 278, 280-81, the First District, in considering introduction for identification purposes of mug shots from which the victim first identified the defendant, stated:

"We agree that the introduction of 'mug shots' into evidence can

be prejudicial as evidence of other criminal activities. [Citations.] However, 'mug shots' may nevertheless properly be admitted where they are being admitted for the purpose of showing how defendants could have been accurately identified from them and not merely for the purpose of prejudicing the jury by showing prior unrelated encounters with the police. [*Maffioli*; *Purnell.*]"

In *People v. Byrd* (1976), 43 Ill. App. 3d 735, 741, 357 N.E.2d 174, 178, the First District considered the admission of a mug shot on which the legend had been removed. The court stated:

"A police photograph is admissible to show the reasonableness of a witness' identification that the offender and the person depicted are the same. It is not admissible simply to prejudice the jurors by suggesting to them that the defendant has a prior criminal record [*Maffioli*; *Adams.*]"

Contrary to the above decisions, we find that the Third District, in *People v. Hawkins* (1972), 4 Ill. App. 3d 471, 281 N.E.2d 72, held that the admission of two mug shots was plain error. The same district, in *People v. Hudson* (1972), 7 Ill. App. 3d 333, 337, 287 N.E.2d 297, considered the use of a mug shot in which the legend had been deleted, observed that the trial court must exercise due care in avoiding the prejudicial effect of such evidence, and held that a mug shot on which the legend had been deleted "unnecessarily alerted the possible prior criminal conduct on part of the defendant" which "far outweighed the probative value of the photographs in connection with the identification process." In *Hudson* the court cited as authority *People v. Williams* (1966), 72 Ill. App. 2d 96, 218 N.E.2d 771, an older case from the First District, which held that the introduction of a mug shot bearing thereon the legend "Jackson State Prison" was prejudicial. Again, the Third District, in *People v. Clark* (1973), 12 Ill. App. 3d 280, 297 N.E.2d 395, citing *Hawkins*, held that the admission of the mug shot with the legend on the profile view constituted reversible error under the plain error doctrine.

However, the Third District, in *People v. Denwiddie* (1977), 50 Ill. App. 3d 184, 192-93, 365 N.E.2d 978, 984, made the following observation where the legend had been deleted:

"Even if the point had not been waived, we think the photographs were properly before the jury. 'Mug shot' photos are often evidence of other crimes which is generally inadmissible. [Citation.] However, the admission of 'mug shots' is not automatically reversible error [citation], and evidence of extra-indictment offenses is admissible if it tends to prove a fact in issue, such as identity [citation]. The photographs in this case went directly to defendant's identification by occurrence witnesses, and therefore

were admissible as an exception to the general rule regarding evidence of other crimes."

The court went on to hold that it was harmless error beyond a reasonable doubt as four eyewitnesses had positively identified the defendant.

We then reach the situation in our own district of two seemingly conflicting opinions. In *People v. West* (1977), 51 Ill. App. 3d 29, 366 N.E.2d 1043, this court held that the admission of the defendant's photo with the words "Police Department Elgin, Ill." and the year 1972 with the IBI and FBI numbers on the back was plain error and warranted reversal. However, in *People v. Hawthorne* (1978), 60 Ill. App. 3d 776, 780, 377 N.E.2d 335, 338, we held that the admission of a mug shot used to identify the defendant bearing the legend "February 11, 1974" was proper. The offense charged in that case occurred January 6, 1976. We stated:

> "Photographs which are not received in evidence for the purpose of showing an arrest for another offense but to show how defendant was first identified by an eyewitness to the crime may be properly admitted. [*Maffioli*; *Denwiddie*.]" (60 Ill. App. 3d 776, 780.)

*People v. West* is not cited in *Hawthorne*, and to resolve the apparent inconsistency, we expressly overrule our decision in *People v. West*. It can thus be seen that there is a conflict among the different districts in this State as to the admissibility, first of mug shots with the legends thereon deleted, and with mug shots bearing legends with an earlier date or the police department involved.

Finally, we must observe that a police photograph or "mug shot" cannot help from being recognized by the average juror. Such photographs, showing a front view and a profile view, are common knowledge to the public from their exposure to the same in the news media, television, and are on the walls of the vast majority of police stations and post offices throughout the United States. The obliteration of the date, number or police department information cannot help but be obvious to the most casual observer. He or she would most certainly recognize such as a "mug shot" with or without any legend there. See *People v. Murdock* (1968), 39 Ill. 2d 553, 237 N.E.2d 442.

There also is a divergence of opinion between the decisions relative to the admission of prior police photographs used for identification throughout the United States which is set forth in detail in 30 A.L.R.3d 908.

■■ Upon due consideration, it is our opinion that the use of mug shots with the name of the police department and date thereon prior to the current offense with which defendant is charged is error, but that such use is not necessarily reversible error. Where, as here, the admission of the

mug shot has probative value for identification purposes which outweighs any possible prejudicial effect, the error is harmless beyond a reasonable doubt. The decision of the trial court is affirmed.

Affirmed.

WOODWARD and SEIDENFELD, JJ., concur.