THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TALMAGE J. McDONALD, Defendant-Appellant.

Second District   No. 2—90—0835

Opinion filed April 10, 1992.—Rehearing denied May 13, 1992.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and James E. Wallis, of Granite City, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

After a trial *in absentia*, defendant was convicted of possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401) and, also *in absentia*, was sentenced to 10 years' imprisonment. Defendant appeals, asserting that: (1) the trial court abused its discretion in denying defendant's counsel's request for a continuance; (2) the trial court failed to comply with the statutory requirement for a trial *in absentia*; (3) the trial court's explanation of defendant's absence during *voir dire* confused the jury in light of the trial court's later admission of evidence of defendant's absence and the State's rebuttal argument of such absence as circumstantial evidence of defendant's guilt; (4) admission of such evidence and argument violated defendant's constitutional right to remain silent; (5) the trial court abused its discretion in admitting evidence of other uncharged crimes; (6) the trial court abused its discretion in admitting into evidence defendant's photograph; (7) defendant was not proved guilty beyond a reasonable doubt; (8) defendant was denied the effective assistance of counsel; and (9) the court abused its discretion in sentencing defendant to 10 years' imprisonment. We affirm.

On October 27, 1989, special agents of the Du Page and Northeast Metropolitan Enforcement Groups, which are special drug enforcement units, entered defendant's apartment pursuant to a search warrant. Failing to receive a response to their knocks and identification of themselves as police officers, the agents knocked down the front door of defendant's apartment. When the agents entered the apartment, defendant was in the washroom approximately 15 feet from the living room. Defendant's wife and three children were also home.

A closed canvas bag was on a table in the living room of defendant's apartment. The contents of the bag included a canister of 10.6 grams of a white powdery substance containing cocaine, four bags of cannabis, smoking pipes, a grinder, a catch basin, inositol, plastic bags, a portable scale, and pharmaceutical seals, all of which, with the exception of the cannabis and pipes, are commonly used in drug trafficking. Specifically, a grinder and catch basin are used to cut cocaine with inositol, which is then weighed and packaged in small bags and sealed with the pharmaceutical seals. After being "Mirandized," defendant admitted that he had been purchasing cocaine in half ounces for distribution to pay his debts.

Defendant appeared in court on four occasions prior to the beginning of trial, including the scheduled trial date. However, on the scheduled trial date after the court denied defendant's counsel's motion for a continuance, trial was postponed until the following morning to insure that sufficient jurors would be available.

When the case was called the following day, defendant failed to appear. During a brief recess, defendant's counsel unsuccessfully attempted to ascertain why defendant was not present. However, he failed to contact defendant, who had moved without providing his new address to the court as required. A hearing was then held, and the trial court denied defendant's counsel's motion for a continuance and granted the State's motion to proceed *in absentia*.

The court advised the prospective jurors that "you can't consider the fact that [defendant] doesn't appear or testify." However, after jury selection was complete, the State filed a motion *in limine* seeking to introduce defendant's absence as evidence of flight and evidence of the cannabis as other crimes evidence demonstrating intent. Over defendant's counsel's objection, the court found the other crimes evidence admissible and indicated that evidence of defendant's flight or absence was admissible as evidence of a consciousness of guilt. The trial court also ruled, over defendant's counsel's objection, that defendant's arrest photo cropped to remove any indication of its origin was admissible.

The State referred to the cannabis in its opening statement and called the deputy clerk to testify that an arrest warrant had been issued for defendant, who had failed to appear for trial although defendant had been present when the trial date was set. Defendant's trial counsel argued in closing that there was no evidence of the reason for defendant's absence, and, based solely on the evidence adduced, defendant's death was an equally plausible explanation. In rebuttal, the State referred to defendant's absence as "a piece of circumstantial evidence that you, ladies and gentlemen [of the jury], can use in deciding whether [defendant] has a consciousness of his own guilt. Why do you think he is not here? It is circumstantial evidence but it tends to show his guilt."

The jury returned a guilty verdict, but defendant was not arrested until after his counsel's post-trial motion attacking the court's evidentiary rulings and the sufficiency of the evidence was denied and after defendant had been sentenced *in absentia*. A public defender's subsequent motion for a new trial alleging defendant's trial counsel had instructed defendant to absent himself from his trial was also denied after a hearing. The trial court found that defendant's trial counsel's

denial that he gave such direction to defendant was more credible. This appeal followed.

The State correctly asserts that many of defendant's alleged errors have been waived by defendant's failure to assert such errors in his post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186-87.) However, defendant asserts that the failure to preserve properly such issues in part denied him the effective assistance of counsel. We must thus consider the substance of defendant's claims to determine if defendant was prejudiced by such alleged defective performance of his trial counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.) In addition, defendant asserts that the "plain error" doctrine (134 Ill. 2d R. 615(a)) allows this court to notice errors affecting substantial rights despite a defendant's failure to preserve properly such issues when "the evidence is closely balanced or where the error was of such magnitude that the accused was denied a fair trial." (*People v. Lucas* (1981), 88 Ill. 2d 245, 251; see also *People v. Young* (1989), 128 Ill. 2d 1, 47.) Therefore, we will address each of the alleged errors raised by defendant. We begin with defendant's assertion that the trial court abused its discretion in denying his trial counsel's request for a continuance on the eve of trial.

■ A motion for a continuance is directed to the discretion of the trial court, which will not be reversed absent a showing of an abuse of such discretion. (Ill. Rev. Stat. 1987, ch. 38, par. 114—4(e).) A court's refusal to grant a continuance must in some way embarrass the defendant in his defense thereby prejudicing him before such abuse will be deemed to have occurred. (*People v. Wilson* (1963), 29 Ill. 2d 82, 92; *People v. Arbuckle* (1979), 75 Ill. App. 3d 826, 832.) Defendant's trial counsel explained that his request for a continuance was for the purpose of seeking another attorney to second chair the trial due to the continuing illness of his law partner, which had been the basis of several prior requests for continuances. However, defendant's trial counsel explicitly advised the court that he was able to proceed with trial despite his request for a continuance. Thus, defendant was neither embarrassed nor prejudiced by the court's denial of his request for a continuance, and the trial court did not abuse its discretion in denying such request. We note that any alleged incompetence as a result of defendant's trial counsel's failure to obtain such continuance merged into the subsequent alleged trial errors asserted by defendant.

■ Defendant next contends that the trial court failed to comply with the statutory requirements mandated for a trial *in absentia*. Spe-

cifically, defendant asserts that the trial court was required to notify defendant by certified mail of the trial date. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).) However, the statute provides:

> "The court may set the case for a trial which may be conducted under this Section despite the failure of the defendant to appear at the hearing at which the trial date is set. When such trial date is set the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).)

Thus, notice by certified mail is required only when the defendant was not present in court when the trial date was set. (*People v. Velasco* (1989), 184 Ill. App. 3d 618, 628-29.) Because defendant was present when his trial date was set, no such notice was necessary, and his second asserted error is without merit.

■ The third issue raised by defendant is that the trial court's statement to the veniremen that as jurors they could not "consider the fact that [defendant] doesn't appear or doesn't testify" was confusing in the face of the eventual admission of evidence of defendant's absence as circumstantial evidence of guilt. However, defendant ignores the context in which that statement was made. The court was explaining the State's burden to prove defendant guilty beyond a reasonable doubt. That comment was preceded by "[t]he fact that should [defendant] not present any evidence, though he may not be present, do you still understand, and can you go along with the fact that it is still the burden of the People to prove [defendant's] guilt by evidence beyond a reasonable doubt." Such directions informed the jury that a finding of guilt could *not* be based on defendant's absence alone. Thus, the cases cited by defendant, which condemned the trial court's failure to give a requested jury instruction to minimize a defendant's silence or a verdict based solely on a defendant's absence, are not only inapplicable, but support the trial court's statements. See *Carter v. Kentucky* (1981), 450 U.S. 288, 303, 67 L. Ed. 2d 241, 252, 101 S. Ct. 1112, 1120; *People v. Smith* (1989), 189 Ill. App. 3d 80, 85.

■ The admission of evidence of defendant's absence, as well as the State's rebuttal argument of such evidence, are the basis of defendant's fourth alleged error. A defendant has no constitutionally protected right not to appear at trial (*Smith*, 189 Ill. App. 3d at 85), and evidence of a defendant's absence is proper as evidence of flight, which is admissible to show consciousness of guilt (*People v. Garza* (1989), 180 Ill. App. 3d 820, 826). Defendant apparently asserts a distinction between circumstantial evidence that tends to show a defend-

ant's guilt, which was the State's argument, and evidence of a defendant's consciousness of guilt as permitted in *Garza*. We not only fail to see such a distinction, but defendant fails to offer any authority for creating such a distinction. Absent both meaningful argument and authority, defendant has thus waived the issue. *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43.

Additionally, we note that defendant's counsel argued that the State had failed to offer any evidence of the reason for defendant's absence and argued the possibility of defendant's death as one explanation for his absence from trial. Thus, defendant's trial counsel invited the State's rebuttal, and no error from such rebuttal will be found. *People v. Rader* (1988), 178 Ill. App. 3d 453, 466.

Defendant also asserts that the trial court abused its discretion in admitting evidence of the cannabis found in defendant's apartment as evidence of other uncharged crimes and in admitting defendant's police photo, although cropped to remove any indication of origin. Issues of admissibility of evidence are committed to the sound discretion of the trial court, and such decision will not be reversed unless the erroneously admitted evidence manifestly prejudiced a defendant. (*People v. Hayes* (1990), 139 Ill. 2d 89, 130; *People v. Bartall* (1983), 98 Ill. 2d 294, 318.) Because both the admission of defendant's photograph and the admission of evidence of other uncharged crimes are subject to the same standard of review, we will address these issues together.

■ Other crimes evidence is admissible if relevant for any purpose other than to show a defendant's propensity to commit a crime (*People v. Musitief* (1990), 201 Ill. App. 3d 872, 876-77), and a continuous narrative of the arrest is admissible including connected crimes as part of the *res gestae* (*Hayes*, 139 Ill. 2d at 130-32; *People v. Chambers* (1989), 179 Ill. App. 3d 565, 583-84; *People v. Sessions* (1968), 95 Ill. App. 2d 17, 24). Therefore, evidence of the smoking pipes and cannabis recovered from defendant's home was admissible as part of the narration of the sequence of events leading to defendant's arrest.

Similarly, defendant's assertion that the court abused its discretion in admitting his police photo, from which all indications of its origin had been removed, is without merit. To sustain a conviction, the State must prove beyond a reasonable doubt that the defendant was the perpetrator of the crime. (*People v. Dante* (1966), 35 Ill. 2d 538, 540; *People v. Newbern* (1989), 183 Ill. App. 3d 995, 997.) Because of defendant's absence, the photographic identification was highly probative of the issue of identity.

Defendant argues, however, that the prejudice created by the introduction of such photograph into evidence outweighed its probative

value. The cases relied upon by defendant are not controlling in this instance. Defendant's photograph was taken at the time of his arrest for the present charges and not at the time of a prior unrelated offense from which the jury could improperly infer a propensity towards crime. (See *People v. Hudson* (1972), 7 Ill. App. 3d 333, 336-37; *People v. Hawkins* (1972), 4 Ill. App. 3d 471, 473.) We have expressly rejected the *per se* rule of inadmissibility adopted in *Hudson* and *Hawkins* by the Appellate Court, Third District, as have other districts. (See *People v. Wilson* (1st Dist. 1988), 168 Ill. App. 3d 847, 851-52; *People v. Smith* (5th Dist. 1987), 160 Ill. App. 3d 89, 95-96; *People v. Wheeler* (2d Dist. 1971), 71 Ill. App. 3d 91, 97-98.) Rather, the introduction of such photos requires a balancing of the probative value against possible prejudice. (*Wheeler*, 71 Ill. App. 3d at 97-98.) However, prejudice from a "mug shot" taken at the time of a prior arrest is minimal and highly speculative. (*People v. Warmack* (1980), 83 Ill. 2d 112, 128-29 (exclusion of photo requires presumption that jury noticed prior date and based verdict on prior arrest rather than evidence at trial).) Thus, only when the evidence, "at best, only marginally proves [a defendant's] guilt" is a court required to consider the prejudice from the introduction of a defendant's "mug shot." (*People v. Arman* (1988), 171 Ill. App. 3d 232, 241-42 (Freeman, J., dissenting from continued application of *per se* exclusion).) In this instance, the cropped photo, from which the jury could infer no prior arrest, had even less prejudicial impact. Therefore, the trial court did not abuse its discretion in finding that the significant probative value of defendant's police photograph outweighed any minimal and speculative prejudice.

Defendant next asserts that the State failed to prove him guilty beyond a reasonable doubt. Defendant's assertion is based on the State's alleged failure to prove that the cocaine recovered from defendant's apartment was in fact "knowingly" in defendant's possession or that defendant had an "intent" to deliver such substance. However, the cocaine and drug paraphernalia were recovered from plain view on the table of defendant's living room in his own home, at a time when defendant was a few feet away in another room. Absent other facts or circumstances, the mere presence of narcotics in premises under the control of a defendant, such as his home, is sufficient alone to create an inference of knowledge and possession. (*People v. Nettles* (1961), 23 Ill. 2d 306, 308-09; *People v. Torres* (1990), 200 Ill. App. 3d 253, 266.) Similarly together with the quantity of narcotics, the presence of drug trafficking paraphernalia routinely used to deliver drugs will support the trier of fact's finding of the intent to de-

liver such drugs. (*People v. Schaefer* (1985), 133 Ill. App. 3d 697, 702-03.) Moreover, defendant admitted to the police that he had been selling cocaine to pay his debts. Thus, there was sufficient evidence from which the jury could find defendant guilty beyond a reasonable doubt.

Finally, defendant asserts that the trial court abused its discretion in sentencing him to 10 years' imprisonment in the Department of Corrections. A trial court's determination of the proper sentence will not be disturbed on appeal absent an abuse of discretion. (*People v. Wilson* (1991), 143 Ill. 2d 236, 250.) Such determination is entitled to great weight and deference because the trial court has the benefit of observing the defendant and hearing the evidence firsthand. (*People v. Streit* (1991), 142 Ill. 2d 13, 18-19.) A reviewing court must proceed with great care and caution and may not substitute its own judgment for that of the trial court. (*Streit*, 142 Ill. 2d at 19.) As long as the trial court does not rely on improper aggravating factors or ignore mitigating factors, any sentence within the prescribed statutory range will be deemed a proper exercise of the trial court's discretion. (*People v. Hernandez* (1990), 204 Ill. App. 3d 732, 740.) The seriousness of the crime is not only a proper factor in aggravation; it is the most important factor. (*Hernandez*, 204 Ill. App. 3d at 740.) Rehabilitation must also be considered, but need not be given more weight in determining the appropriate sentence than the seriousness of the crime. (*People v. Brajcki* (1986), 150 Ill. App. 3d 506, 515.) Absent any indication in the record to the contrary, it is presumed that the trial court considered evidence presented in mitigation. (*Torres*, 200 Ill. App. 3d at 267; *People v. Abrego* (1986), 142 Ill. App. 3d 973, 986.) If the record contains a trial court's articulation of factors in aggravation, the reviewing court may presume factors in mitigation were considered as well. *People v. Bergman* (1984), 121 Ill. App. 3d 100, 109.

■ Evidence presented in aggravation included defendant's prior convictions of drug-related charges indicating an unlikelihood of rehabilitation, the seriousness of the offense, and defendant's conduct since his arrest, specifically his flight and a threat made against one of the arresting officers during a chance encounter. The court also considered defendant's presentence report. Although defendant's trial counsel presented no additional evidence in mitigation, counsel argued the nonviolent nature of the crime, defendant's devotion to his family, and defendant's education as factors in mitigation.

The court specifically noted that defendant, whose college education was reflected in the presentence report, was in a better position to appreciate the dangers of drugs than many other offenders. So,

too, contrary to counsel's assertion that this was a nonviolent crime, drug trafficking is deemed among the most serious of offenses. *Bergman,* 121 Ill. App. 3d at 111.

Finally, defendant asserts the trial court ignored his family obligations as a factor in mitigation. Although the court indicated it could not consider the quality of defendant's relationship with his family, evidence of defendant's dependents was contained in defendant's presentence report. Thus, we conclude that the court properly considered the hardship to defendant's dependants. *Torres,* 200 Ill. App. 3d at 267; *Abrego,* 142 Ill. App. 3d at 986.

Defendant's counsel's limited ability to present evidence in mitigation was the result of defendant's own willful failure to appear for trial and sentencing as well as defendant's failure to advise the court of his change in address. Such loss of the ability to challenge evidence in aggravation or provide input to his attorney is merely an additional cost of defendant's own conduct not warranting either the trial court's sympathy or ours. *People v. Burcham* (1991), 208 Ill. App. 3d 939, 941.

■ Having addressed the substance of each of the alleged trial errors and finding them to be without merit, we also resolve defendant's claim of ineffective assistance of counsel. Absent error, defendant suffered no prejudice from his trial counsel's alleged defective performance. Because resulting prejudice to a defendant is an essential element of any claimed denial of the effective assistance of counsel (*Strickland,* 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064), defendant's final claim as well is meritless.

The judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and GEIGER, JJ., concur.