THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RABHE MUSITIEF, Defendant-Appellant.

Second District   No. 2—89—1107

Opinion filed August 20, 1990.

Joseph M. Haddad, of Chicago, for appellant.

Paul A. Logli, State's Attorney, of Rockford, and Eleesha Pastor O'Neill, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Rabhe Musitief, was charged with committing arson with the intent to defraud an insurer in violation of section 20—1(b) of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 20—1(b)). At his jury trial, the State introduced evidence pertaining to the defendant's unrelated financial misdeeds in an attempt to demonstrate motive or intent. The defendant was convicted of the offense charged, and he now brings this appeal.

On appeal, the defendant contends that his conviction must be reversed and the cause remanded for a new trial because evidence of other crimes was improperly presented to the jury without a limiting instruction and because the prosecutor's remarks during closing argument allegedly deprived the defendant of a fair trial.

The fire giving rise to the charges against the defendant took place on February 5, 1986. The property which was the target of the arson was the defendant's grocery business, known as O'Donald's

Food Store (the store). The defendant owned the business, but he only rented the building in which the business was located. The State alleged that the defendant paid Alvin Brown, a convicted felon and admitted cocaine user, to set fire to the store so that the defendant might recover from his insurer, General Casualty Companies. The defendant did, in fact, submit a claim under his $350,000 insurance policy following the fire.

Before trial, the defendant filed a motion *in limine* asking that the State be prohibited from introducing evidence pertaining to the defendant's prior wrongdoings or his financial condition on the ground that it would be unduly prejudicial. The trial court denied the motion.

At trial, the central witness against the defendant was Alvin Brown. Brown testified that the defendant asked him to break into the store and burn it in return for $1,000, with half that amount to be paid before the arson and half afterwards. Brown testified that the defendant told him that he should enter the store through the roof, and the defendant assured him that the security alarms would be turned off. According to Brown, the defendant told him to set several fires, including one by the store's liquor section because of the flammable nature of the alcohol. Brown entered the store and set it afire as directed by the defendant, and he testified that he heard no alarm triggered by his entry.

Also testifying for the State were several police and fire department personnel who responded to or investigated the fire at the store. All indicated that no alarm could be heard even after fire fighters forcibly entered the premises. Fire inspectors determined that several fires had been set in the store, including one near the liquor department. A green duffle bag was found in the precise location in the store where Brown said he had left it the night before. A police officer at the scene who entered the office with the defendant testified that the defendant opened the safe and indicated that nothing was missing from it.

The following evidence was presented at trial in an attempt to demonstrate the defendant's poor financial condition which allegedly led him to commit the offense. Representatives of two different banks testified that they had loaned the defendant more than $300,000 between August 1984 and December 1985. On the date of the fire, the defendant was several months past due in his payments on the loans in the amount of at least $25,000. One of the bank representatives also stated that the defendant had presented for deposit two checks totalling $15,000 which were drawn on an account in the defendant's

name from another bank. The checks were returned with the notation that the account had been closed.

Evidence also showed that, as of February 5, 1986, the defendant had not paid $59,000 he owed to Automatic Environmental Systems for refrigeration service and repair. A former employee of the defendant testified that the first paycheck issued to him by the defendant bounced. The employee testified that, from that point on, the defendant would cash his employee's checks himself directly out of the store's cash registers.

During trial, the defendant renewed the objection stated in his motion *in limine* to evidence of the defendant's prior conduct which might constitute criminal offenses. Specifically, the defendant noted his continuing objection to the testimony of Roger Buck, an accountant who performed various services for the defendant from November 1984 through 1985, which would indicate that the defendant was guilty of tax fraud. The trial court ruled that Buck could testify regarding the defendant's conduct in preparing tax statements, but he was instructed not to characterize the conduct as tax fraud.

Buck testified that, during the time he served as the defendant's accountant, he was instructed to lower his calculation of the amount the defendant owed to the State for sales tax. Buck eventually stopped signing the defendant's tax statements when the defendant instructed him to understate the store's sales in order to arrive at an amount of tax owed which suited the defendant. Buck stated that he was also instructed to lower the statement of the store's sales when calculating the amount of Federal corporate income tax due. Additionally, Buck testified that he was instructed to compile inflated statements of the store's assets and income which might be presented to potential buyers of the store. The figures given to Buck for these statements were, Buck testified, dictated by the defendant with no apparent factual basis. In Buck's opinion, the defendant had an "insufficient cash flow problem" in the months Buck worked for him. Buck stated that checks the defendant wrote to him in payment for his services bounced, and he never received any payment from the defendant.

Ruby Reum, a representative of the Illinois State Lottery, testified that the defendant sold lottery tickets at the store. According to Reum, the defendant came to her office at approximately 11 a.m. or 11:30 a.m. on February 6, 1986, to report that lottery tickets had been stolen from the store the night before. The defendant filled out a form which stated that, the day after the fire, he found the office safe open and the lottery tickets missing. The defendant did not at any

time object to Reum's testimony.

During closing argument, the State noted discrepancies in the defendant's actions and characterized each as a "lie." The prosecutor also referred to Buck's testimony as evidence of the defendant's motive for committing the crime. During his rebuttal argument, the prosecutor noted the "dishonest way [the defendant's] sales tax returns were prepared" and that his "corporate income tax return [was] prepared the same way." He also referred to the statement of assets prepared for potential buyers as "[a]nother dishonest document." The prosecutor stated that this and other evidence was presented to show that the "defendant's financial ship was sinking and it was sinking fast." The prosecutor concluded his rebuttal by stating:

"MR. TORRISI [Assistant State's Attorney]: Don't be fooled like the Department of Revenue or the lottery office or the United States government and so many local banking institutions who put their trust in [the defendant]. We've shown you he's not worthy of your trust. He can't be trusted. Place your trust in your common sense, your mind, your gut, and your heart."

The jury returned a verdict of guilty. The defendant filed a motion for a new trial on the basis that, *inter alia,* the trial court improperly allowed Buck to testify regarding the defendant's possible sales tax fraud and his financial condition. The trial court denied the motion. The court then sentenced the defendant to 30 months' probation, with probation conditioned on the defendant serving six months' periodic imprisonment plus payment of a $1,000 fine.

On appeal, the defendant advances three arguments in support of his contention that he is entitled to a new trial: (1) the trial court erred by allowing into evidence testimony regarding his prior offenses (tax fraud) and his subsequent attempt to defraud the lottery; (2) such evidence should not have been admitted without a limiting instruction to the jury; and (3) the prosecutor's remarks in closing argument were prejudicial and deprived the defendant of a fair trial. We will address the first two of the defendant's arguments together and will then proceed to address the third.

■■ Evidence of other crimes for which a defendant is not on trial is inadmissible if relevant merely to establish the defendant's propensity to commit crime. Such evidence overpersuades the jury, which might convict the defendant only because it feels he is a bad person deserving punishment. (*People v. Richardson* (1988), 123 Ill. 2d 322, 338-39.) Other-crimes evidence is admissible, however, if relevant for any purpose other than to show the propensity to commit crime. (*Peo-*

*ple v. McKibbins* (1983), 96 Ill. 2d 176, 182.) Such purposes include proving *modus operandi*, intent, identity, motive, or absence of mistake. *Richardson*, 123 Ill. 2d at 339.

Even where factors are present which justify the admission of evidence of other crimes, however, such evidence must be rejected where its prejudicial effect clearly outweighs its probative value. (*People v. Rodriguez* (1982), 107 Ill. App. 3d 43, 48.) The questions of whether other-crimes evidence is relevant and whether its probative value outweighs its prejudicial effect are matters within the sound discretion of the trial court. The trial court's rulings on these questions will not be disturbed on review absent abuse of that discretion. *People v. Clark* (1988), 173 Ill. App. 3d 443, 453-54.

■■ ■ In the instant cause, the State presented the testimony of Buck, the defendant's accountant, in order to bolster its contention that the defendant's financial position was deteriorating or, in other words, to establish motive. While it is not necessary to establish motive in an arson case, motive can be established by evidence pertaining to the defendant's financial condition and the possible effect of insurance thereon. (*People v. Martin* (1978), 59 Ill. App. 3d 785, 788.) The fact that the defendant was engaged in intentional financial misdeeds in the months preceding the fire, viewed in conjunction with the other evidence of his poor financial health, supports the inference that the defendant had a financial motive to defraud his insurer. We cannot say that the trial court abused its discretion in holding that the evidence was relevant to show motive.

■■ The defendant argues that, even if relevant, the prejudicial effect of the testimony regarding tax fraud outweighed its probative value. Though he has put them forth as separate contentions, this inquiry requires us to address the defendant's additional argument that the other-crimes evidence should not have been allowed absent a limiting instruction to the jury. The defendant could have requested such a limiting instruction (see Illinois Pattern Jury Instructions, Criminal, No. 3.14 (2d ed. 1981)), but he did not. It is not the trial court's obligation to give such an instruction *sua sponte*. (*People v. Cregar* (1988), 172 Ill. App. 3d 807, 822.) The defendant's failure to tender a proper instruction waives any objection concerning its absence on appeal. *People v. Reddick* (1988), 123 Ill. 2d 184, 198.

If a limiting instruction had been given, it would have lessened any prejudicial effect of the other-crimes evidence. (*People v. Rose* (1990), 198 Ill. App. 3d 1, 7-8.) In reviewing the trial court's determination that the probative value of the evidence outweighed its prejudicial effect, the defendant's failure to tender the limiting instruction

cannot be allowed to increase our assessment of its possible prejudicial effect. In other words, we should not assume that the evidence was considered for a purpose different from that for which it was offered.

In the instant cause, the trial court instructed the State that the defendant's conduct could not be referred to as tax fraud *per se*, but such conduct could be recounted only toward demonstrating his deteriorating financial condition. We also note that there was no extensive discussion of the collateral tax-fraud crimes greater than that necessary to demonstrate motive, the purpose for which the evidence was offered. (See *Richardson*, 123 Ill. 2d at 343.) Under these circumstances, we do not believe it was an abuse of discretion for the trial court to conclude that the probative value of the evidence showing the defendant's motivation outweighed its possible prejudicial effect.

Our holding in this regard is in accord with two Federal decisions. In *United States v. Fakhoury* (7th Cir. 1987), 819 F.2d 1415, a case relied on by the trial court here, the defendant was charged with attempted arson and mail fraud. The government introduced evidence which indicated that the defendant was involved in actions constituting tax fraud. On appeal, the court held that this evidence was admissible because it was offered "primarily to show [the defendant's] deteriorating financial condition rather than tax fraud." (*Fakhoury*, 819 F.2d at 1420 n.1.) Similarly, in *United States v. Kerr* (11th Cir. 1985), 778 F.2d 690, the defendant, a pharmacist, was charged with, *inter alia*, mail fraud based on the predicate crime of arson. The government introduced evidence showing that the defendant was engaged in irregular practices in the dispensing of drugs and that these practices were about to be discovered. The court held that the evidence was relevant to show the defendant's motive for burning his business to destroy pharmaceutical records. (*Kerr*, 778 F.2d at 695-96.) In both cases, the prejudicial effect of the other-crimes evidence was outweighed by its probative value.

■ The defendant also contends that Reum's testimony regarding his attempt to defraud the Illinois State Lottery was prejudicial and should not have been allowed into evidence. Our review of the record indicates that, despite his contention to the contrary, the defendant never raised this issue below. No objection to the testimony was made when it was given, and the issue was not raised in the motion *in limine* or in his post-trial motion. Accordingly, we find that the defendant has waived consideration of this issue on appeal. *People v. Enoch* (1988), 122 Ill. 2d 176, 186.

Even if the issue were not waived, however, it is not necessarily

error to admit evidence of other crimes occurring after the one with which the defendant is charged. If another crime has a tendency to make the existence of a fact of consequence to the determination of the case more probable than it would be without that evidence, then it is relevant and admissible regardless of whether the other crime occurred before or after the crime charged. (*People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 489.) Evidence of a subsequent crime may also be admissible where it bears some degree of identity to the offense charged and demonstrates a common design. See *Rose*, 198 Ill. App. 3d at 7.

■■ Finally, the defendant contends that statements made by the prosecutor in closing argument were prejudicial and denied him his right to a fair trial. We note that, because the statements were not objected to at trial or raised in the defendant's motion for a new trial, the issue is waived on appeal. (See *People v. Cisewski* (1987), 118 Ill. 2d 163, 176.) Relaxation of the waiver rule may be appropriate under the plain-error doctrine, however, where the evidence is so closely balanced that the jury's verdict may have resulted from the alleged error. *People v. Gacho* (1988), 122 Ill. 2d 221, 249.

If evidence of other crimes is admitted, it is not impermissible for the prosecutor to refer to or summarize such evidence in closing argument. (*McKibbins*, 96 Ill. 2d at 187.) The prosecutor's final plea that the jury not "be fooled like the Department of Revenue or the lottery office or the United States government" may have, however, overemphasized the prejudicial aspect of the other-crimes evidence rather than its relevant probative value. Nevertheless, we do not believe that the evidence of the defendant's guilt was so closely balanced that the jury's verdict was the result of this isolated remark. (See *People v. Baker* (1983), 114 Ill. App. 3d 803, 808.) Accordingly, application of the plain-error doctrine to review the defendant's contention is inappropriate here.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

UNVERZAGT, P.J., and DUNN, J., concur.