*In re* M.L., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.L., Respondent-Appellant).

Second District   No. 2—91—0105

Opinion filed July 30, 1992.

Bruce E. Keller, of Keller & Latheler & Associates, of Dixon, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Respondent, M.L., was charged by a petition for adjudication of wardship with the offense of criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)). The court found respondent guilty of the offense and placed him on two years' probation. Respondent appeals, contending that the State failed to prove him guilty beyond a reasonable doubt.

At the hearing, Joseph Gaska testified that he lived at Woodhaven Lakes. On August 29, 1990, he stopped his car near his lot and stepped out of his car. He heard banging noises on the wall of a nearby bathhouse or "comfort station" and heard a "metal jingle" as something hit the floor of the comfort station. The men's portion of the comfort stations at Woodhaven Lakes consists of three bathrooms, four wash basins and four showers; there is a similar arrangement for women on the opposite side.

Gaska ran the 100 feet from his car and went into the comfort station. Respondent and his brother were the only people in the comfort station when he arrived. Gaska asked, "what's going on here?" The minors did not respond, but ran past him and locked themselves in a shower stall. Gaska then went outside to have a friend call security.

When Gaska entered the comfort station, he noticed that the legs of the wash basins had been ripped off and two of the sinks were twisted. The boys had nothing in their hands when he opened the door, and he did not see them do any damage.

Lee Lewis testified that he was a security officer at Woodhaven Lakes. He was on duty when he was notified of the damage to the comfort station. He stated that a maintenance crew cleans the comfort stations every day, and repairs are done right away.

Gaska and Lewis were the only witnesses. Respondent presented no evidence. The court found respondent guilty and placed him on two years' probation. Respondent filed a timely notice of appeal.

Respondent's sole contention on appeal is that the State failed to prove him guilty beyond a reasonable doubt. Specifically, respondent contends that there was no evidence of the condition of the bathhouse prior to the time he entered it. Therefore, he asserts that it is impossible to conclude that he, as opposed to someone else, did the damage, because Gaska did not see him damage anything and because he did not have anything in his hands when Gaska entered the comfort station. Respondent also contends that the fact that he hid in a shower stall when Gaska confronted him could not be considered evidence of guilt because he did not flee from the scene. Finally, respondent contends that we must reverse his conviction outright, rather than remand the cause to the trial court, because the record shows that no additional witnesses would be able to testify.

As in a criminal prosecution, the State must prove the commission of an offense beyond a reasonable doubt in order to support a finding of delinquency pursuant to the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 et seq.). (In re N.W. (1984), 125 Ill. App. 3d 367, 372.) When presented with a challenge to the sufficiency of the evidence, it is not the function of the reviewing court to retry respondent. The question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Collins (1985), 106 Ill. 2d 237, 261.

The evidence was sufficient to prove respondent guilty beyond a reasonable doubt. Gaska testified that he heard banging noises coming from the wall of the comfort station and metal jingling as something hit the floor. When he entered, only respondent and his brother were inside. When he asked them what was going on, they did not answer, but fled to a shower stall in which they locked themselves. From this, the court could infer that the noises were the sound of the sinks being

broken and that respondent's conduct in hiding and failing to respond to Gaska's question evidenced his guilty knowledge.

Respondent points out, however, that Lewis testified that the comfort stations were inspected only once per day and that respondent was found in the bathhouse at 7:15 p.m. He speculates that the cleaning could have occurred early in the morning, which would have allowed ample time for someone else to have damaged the sinks prior to respondent's arrival.

■ Defendant's argument is reminiscent of the "reasonable hypothesis of innocence" test that the supreme court has rejected. (See *People v. Pintos* (1989), 133 Ill. 2d 286, 291.) The court was not required to acquit respondent solely on the basis of respondent's speculation that some other person might have had an opportunity to commit the crime. See *People v. Eyler* (1989), 133 Ill. 2d 173, 191-92.

Respondent complains that the trial judge considered his silence and flight into the shower stall as evidence of guilt. Respondent notes that he did not flee from the scene, but rather remained in the building. Other than footnotes that distinguish three cases in which evidence of flight was found to have been properly admitted, respondent cites no authority for this contention.

■ Generally, flight is a circumstance that can be considered as bearing upon guilt (*People v. Ocasio* (1990), 205 Ill. App. 3d 157, 162; *People v. Nightengale* (1988), 168 Ill. App. 3d 968, 972), as evidence of a consciousness of guilt or circumstantial evidence that tends to show a defendant's guilt. (*People v. McDonald* (1992), 227 Ill. App. 3d 92, 97-98.) The critical fact in this case was that respondent fled from the immediate presence of his accuser and failed to answer Gaska's question. Respondent's conduct was circumstantial evidence that he had consciousness of guilt, and respondent's ultimate distinction is irrelevant.

Since we hold the evidence was sufficient, we need not consider respondent's final contention regarding the propriety of a remand.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BOWMAN and DOYLE, JJ., concur.