(No. 42233.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KEN-NETH KORYCKI, Appellant.

*Opinion filed March 24, 1970.*

Ward, J., took no part.

Kenneth Korycki, *pro se.*

William J. Scott, Attorney General, of. Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and James S. Veldman, Assistant State's· Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

Petitioner, Kenneth Korycki, appeals from a judgment of the circuit court of Cook County, sustaining the State's motion to dismiss his *pro se* post-conviction petition.

In 1964, petitioner was indicted for the offense of murder, and, being represented by privately retained counsel, entered a plea of not guilty. On September 21, of that year, at his request, the court ordered a Behavior Clinic examination. Thereafter Dr. Haines, of that agency, submitted a report

concluding that petitioner had a "Sociopathic Personality Disturbance. He knows the nature of the charge and is able to cooperate with his counsel." On December 14, 1964, after consultation with counsel, petitioner withdrew his plea of not guilty to the charge of murder and entered a plea of guilty to the lesser offense of voluntary manslaughter. The trial court properly admonished him of his rights and of the consequences of a plea of guilty to voluntary manslaughter. Persisting in his plea, petitioner was found guilty of voluntary manslaughter and sentenced to the penitentiary for a term of from seven to fourteen years. No appeal was taken from the conviction.

On January 20, 1969, Korycki filed his *pro se* petition for hearing pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) In it he alleged that he was denied due process of law in that: 1) the trial court failed to, on its own motion, provide for a competency hearing; 2) that he was improperly convicted of an offense for which he had not been indicted; and, 3) the trial court erred in not advising him of the consequences of a plea of guilty to murder as well as to a plea of guilty to voluntary manslaughter. The Public Defender was appointed to represent petitioner in this cause. The State filed a motion to dismiss, contending that the petition did not adequately set forth sufficient facts to require a hearing and that petitioner's constitutional rights had not been violated. At the hearing on the motion, petitioner's appointed counsel stated that after conversing with petitioner in the penitentiary, she concluded that "he had no additional grounds to include in the original post-conviction petition" and there was therefore "no need to amend the post-conviction petition." After a hearing on the motion the court granted the State's motion to dismiss.

This appeal then followed, and we granted petitioner's request to appeal *in forma pauperis,* proceed *pro-se,* and to dispense with the filing of his brief and abstract. The same

questions passed upon by the trial court are therefore before us for review. We affirm.

The law is well settled in this State that "When, before or during the trial, facts are brought to the attention of the court, either by suggestion of counsel or the State, or by its own observation, which raise a *bona fide* doubt of the defendant's present sanity, a duty devolves upon the court to then cause a sanity hearing to be held as provided by law." (*People* v. *Burson,* 11 Ill.2d 360, 370; *McDowell* v. *People,* 33 Ill.2d 121.) However, it is within the sound discretion of the trial judge to decide whether the facts and circumstances raise a *bona fide* doubt of defendant's sanity so as to require a hearing. (*People* v. *Pridgen,* 37 Ill.2d 295, 298; *People* v. *Milligan,* 28 Ill.2d 203.) On the basis of the facts before the trial court, we are unable to find any abuse of discretion. The mere reference of a defendant's case to the Behavior Clinic cannot, in itself, be considered reason for granting an unrequested hearing. (*People* v. *Bracy,* 38 Ill.2d 358.) And, certainly, the facts that petitioner was represented at the time of trial by competent privately retained counsel and that the Behavior Clinic report stated petitioner knew the nature of the charge and was able to cooperate with counsel militate against any notion of abuse of discretion. Accordingly, we find no error in the trial court's failure to convene a competency hearing on its own motion.

Petitioner's next argument that he could not be convicted of voluntary manslaughter because he was not charged in the indictment with that offense is without merit. The crime of voluntary manslaughter is embraced in the charge of murder, and, under an indictment for murder, a conviction of manslaughter is proper. (*People* v. *Wiggins,* 12 Ill.2d 418, 426; *People* v. *Crawford,* 387 Ill. 616, 620.) In *People* v. *Simmons,* 26 Ill.2d 400, 402, in disposing of an argument identical to that here, the court stated: "Defendant next contends that the murder indictment, without a

manslaughter count, was insufficient to permit a conviction of manslaughter even upon a plea of guilty. * * * The indictment in the case at bar sufficiently charged defendant with murder. It is well settled in Illinois that the crime of manslaughter is embraced in the charge of murder, and that an accused may be convicted of manslaughter under an indictment for murder."

Finally, petitioner argues that the trial court should have admonished him as to the consequences of a plea of guilty to the crime of murder. We find no merit to this contention and doubt seriously that it raises a question of constitutional dimension. To have admonished the defendant as to the consequences of a plea of guilty to murder would have only served to confuse the defendant and interject uncertainty into the proceedings. Further, we can perceive no possible effect which this information could have had upon the defendant's informed plea. See *People* v. *Simmons,* 26 Ill.2d 400, 403.

The judgment of the circuit court of Cook County is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.