THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DALIEGE, Defendant-Appellant.

First District (5th Division)    No. 62455

Opinion filed July 23, 1976.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant, James Daliege, appeals from a conviction for robbery, pursuant to which he was sentenced to a term of 3 to 15 years in the penitentiary. Although defendant was indicted for armed robbery, a jury found him guilty of the lesser included offense of robbery. A co-defendant, Donald Sheehan, was also found guilty of robbery and was sentenced to 5 years' probation. The charge arose out of an incident in which Theodore Henke, a delivery man for Butternut Bakeries, was robbed of $155 just after making a delivery to a grocery store at 4202 S. Campbell, Chicago, Illinois.

On appeal in this court, defendant contends: (1) a bona fide question as to his competency to stand trial was raised and that due process was violated when the court proceeded to trial without ordering, *sua sponte,* a competency hearing; (2) the court erred by admitting hearsay testimony into evidence; (3) error was committed when the court denied a motion for a jury view of the automobile used in the robbery; (4) the sentence of 3 to 15 years' imprisonment for robbery was excessive.

The record discloses that at noon on August 12, 1974, Theodore Henke had just completed delivering a tray of bread to the grocery store and had returned to his delivery truck. While he was standing in the truck writing the store's bill, defendant appeared in the doorway of the truck and

demanded all of his money. Defendant's right hand was extended toward Henke and was covered from the wrist forward by a newspaper. Henke gave defendant the day's receipts and money from his wallet totaling $155. Upon orders of defendant, Henke knelt facing the rear of the truck. Defendant then walked quickly to the corner and turned west on 42nd Street. Henke shouted to the grocery store owner to call the police, and began pursuing the robber. He was joined by Fred Brown, a friend, who saw defendant enter the passenger side of a green Chevrolet. The car did not have a rear license plate. Together in Brown's car they followed this vehicle for some time. At one point they observed the vehicle enter an alley and stop. Defendant left the car and in some fashion attached a rear license plate to the vehicle. Henke jotted the license number on a piece of paper. Defendant returned to the car and proceeded through the alley. Later, they were able to pull next to the green Chevrolet at an intersection and clearly viewed both occupants. Eventually, they abandoned the pursuit and returned to 4202 S. Campbell, where police were waiting.

After a license registration check police went to 6637 S. Spaulding. They observed a green Chevrolet with the license number that had been given them by Henke. They also observed a man leaving that address that fit the description of the driver of the getaway car. He was arrested and subsequently identified as Donald Sheehan. Police talked with Mrs. Sheehan and then went to a tavern at 67th and Kedzie looking for defendant Daliege. Daliege, however, was not taken into custody until the following day. He appeared in a lineup and was identified by Henke as the same person who had robbed him.

Defendant first contends that he was denied due process of law because the trial court failed, *sua sponte*, to provide for a competency hearing. He argues that a bona fide question as to his competency was raised since he could not meaningfully communicate with his attorney.

In support of defendant's contention we are referred to his comments at trial attacking the tactics of his attorney. Defendant apparently believed that his defense would have been better served if the grocery store owner, a police evidence technician, and the co-defendant had been called to testify for the defense. The public defender explained to the trial judge, however, that in his judgment no purpose would be served by calling those people to testify. Defendant also accused his attorney of conspiring against him. At the post-trial hearing defendant asked for a stay of sentencing pending receipt of grand jury transcripts that apparently would reveal whether a disguise was ever mentioned. In addition, defendant for the first time on appeal produced the results of a psychiatric examination given him on July 31, 1975 (seven months after sentencing in the instant case), in a probation revocation proceeding stemming from a prior conviction of attempted robbery which expressed

the opinion of a staff psychiatrist from the Psychiatric Institute of the Circuit Court of Cook County that he was not mentally fit to withstand such a proceeding.

■■ Our Supreme Court in *People v. Korycki* (1970), 45 Ill. 2d 87, 90, 256 N.E.2d 798, stated as follows:

"The law is well settled in this State that 'When, before or during the trial, facts are brought to the attention of the court, either by suggestion of counsel or the State, or by its own observation, which raise a *bona fide* doubt of the defendant's present sanity, a duty devolves upon the court to then cause a sanity hearing to be held as provided by law.' *(People v. Burson,* 11 Ill. 2d 360, 370; *McDowell v. People,* 33 Ill. 2d 121.) However, it is within the sound discretion of the trial judge to decide whether the facts and circumstances raise a *bona fide* doubt of defendant's sanity so as to require a hearing. *(People v. Pridgen,* 37 Ill. 2d 295, 298; *People v. Milligan,* 28 Ill. 2d 203.)"

■■ We believe that defendant's comments at this robbery trial displayed an acute awareness of the proceedings and their possible consequences. We also note that virtually no facts concerning defendant's ill-being were brought to the court's attention either before or during the trial as required by *Korycki* nor do we find support for defendant's contention in the record. Under these circumstances we cannot say that the trial judge was required to order a competency examination.

■■ Defendant next contends that the trial court impermissibly allowed prejudicial hearsay to infect the trial. He points to the testimony of Officer Morley who stated over objection that he had a conversation with Mrs. Sheehan and then proceeded to a certain tavern in search of defendant. Officer Malik also testified that he and his partner were looking for "Red" Daliege and went to a particular location to find him. We do not agree that this was hearsay. The testimony of the two officers merely reflected an investigatory procedure that was entirely within their personal knowledge. *(People v. Coleman* (1974), 17 Ill. App. 3d 421, 308 N.E.2d 364.) The substance of the conversation between Mrs. Sheehan and Officer Morley was not related to the jury. But even if Morley had stated that defendant was arrested on the basis of information given to him by Mrs. Sheehan, such statement would have been properly admitted for the limited purpose of showing why the officer acted as he did. *People v. Thomas* (1975), 25 Ill. App. 3d 88, 322 N.E.2d 597.

■■ Defendant also argues that Officer Morley testified over a defense objection that Brown identified Donald Sheehan, the co-defendant, at a lineup. The State maintains that error, if any, was harmless because the officer's testimony was cumulative. We agree.

The admission of hearsay identification testimony constitutes reversible

error only when it serves as a substitute for courtroom identification or when it is used to strengthen and corroborate a weak identification. However, if the hearsay testimony is merely cumulative or is supported by a positive identification and by other corroborative circumstances it constitutes harmless error. *People v. Coleman* (1974), 17 Ill. App. 3d 421, 308 N.E.2d 364.

Here, the admission of the officer's testimony was cumulative in light of Brown's in-court identification of Sheehan. Therefore, we do not find that the testimony was prejudicial.

■■ Defendant contends that it was prejudicial error for the court to deny a motion for a jury view of the car owned by Marie Sheehan which was used in the robbery. Testimony was adduced at trial that defendant got out of the car and snapped a license plate onto the rear of the car as if through the use of magnets. The defense moved for a jury view of the license plate as affixed to the car. This motion was denied.

It is a matter of sound judicial discretion of the trial court to grant or deny a motion to allow the jury to view physical evidence outside the courtroom. *(People v. Durso* (1968), 40 Ill. 2d 242, 239 N.E.2d 842.) We believe the jury was made fully aware of the facts. Therefore, we find that the court's refusal to permit the jury to be taken to view the automobile was not an abuse of discretion, especially in view of the photograph in evidence depicting the rear of the vehicle.

■■ Finally, defendant contends that his sentence of 3 to 15 years' imprisonment for robbery was excessive. He argues that the State originally agreed to recommend a sentence of 1 to 3 years' imprisonment in exchange for a plea of guilty; that no actual force was used in the commission of the robbery; and that a co-defendant received a sentence of 5 years' probation.

The sentencing hearing disclosed that defendant had been convicted of robbery and attempt robbery. While in the army defendant had been absent without leave and had been confined for larceny and escape with a deadly weapon. In addition, the present offense was committed while defendant was on probation.

Defendant would have us compare the State's recommendation of 1 to 3 years' imprisonment to the sentence he ultimately received. We expressly reject such analysis. The State's recommendation during plea negotiations does not in any way bind the court or taint the sentence that defendant subsequently received. See *People v. Morgan* (1974), 59 Ill. 2d 276, 319 N.E.2d 764.

Next, we are told that co-defendant, Donald Sheehan, the driver of the getaway car, received probation. We do not, however, have before us the record of his sentencing hearing nor any other facts with regard to his potential for rehabilitation. Thus, we have no basis for comparison.

*(People v. Loomis* (1971), 132 Ill. App. 2d 903, 271 N.E.2d 66.) Moreover, we note that co-defendant Sheehan participated in the crime only after Daliege had taken the money.

After reviewing defendant's sentencing hearing we believe that the sentence of 3 to 15 years' imprisonment was not such a departure from fundamental law and its spirit and purpose to constitute an abuse of discretion. *People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673.

The judgment of the circuit court of Cook County is accordingly affirmed.

Affirmed.

DRUCKER and SULLIVAN, JJ., concur.