THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JUVENTINO S. MUNOZ, Defendant-Appellant.

Third District No. 81-287

Opinion filed February 26, 1982.

Darrell K. Seigler, of Twohey and Seigler Law Offices, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Defendant Juventino S. Munoz was indicted for unlawful possession of a controlled substance with the intent to deliver. After a jury trial, the circuit court of La Salle County entered judgment on a guilty verdict and sentenced defendant to 12 years in the Department of Corrections.

At 11:55 a.m. on July 14, 1980, Lieutenant Thomas Templeton of the La Salle County sheriff's office received a telephone call from a confidential informant informing him of certain facts which ultimately led to the conviction at bar. Following the call, Lieutenant Templeton and other officers proceeded to the intersection of Illinois Route 23 and Interstate 80 and waited on the eastbound entrance ramp to the interstate.

Shortly thereafter, a blue 1978 Oldsmobile Cutlass, bearing Texas license number SCM 468, was observed. As this was the vehicle which was the subject of the informant's call, the officers followed it as it proceeded two to three miles east on the interstate. At this point, the automobile was pulled over and the driver, who had committed no traffic violation, stopped in an orderly fashion. Lieutenant Templeton requested identification and discovered defendant was the driver. When asked if he would allow the vehicle to be searched, defendant readily agreed, and further agreed to sign a written search waiver. When the officers searched the automobile, they discovered a package containing 250.1 grams of cocaine under the driver's seat. No other contraband was found in the vehicle or the motel room where defendant and his family were staying. Additional facts will be set forth in our discussion of the issues to which they are germane.

■■ The first of the seven issues presented for our review is whether defendant's guilt was established beyond a reasonable doubt. From the moment the cocaine was discovered, defendant has denied being aware it was under the seat. He points to his voluntary consent to the searches of

the vehicle and room, and to the fact that the automobile had been borrowed in Texas, as consonant with his hypothesis of innocence. We agree with defendant's conclusion that his possession of the drug was merely constructive; however, proof of an accused's exclusive control of a place where contraband is found is ordinarily sufficient proof of his possession of the contraband. (*People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361, *cert. denied* (1962), 369 U.S. 853, 8 L. Ed. 2d 12, 82 S. Ct. 939.) This rule is applicable to contraband found in an automobile in the exclusive possession of the driver even though someone else earlier had possession of the vehicle and could have placed the item therein. (*People v. Davis* (1965), 33 Ill. 2d 134, 210 N.E.2d 530.) We also agree with defendant's conclusion that the only evidence of his intent to sell the cocaine was the erroneous testimony of Lieutenant Templeton that his billfold contained neither cash nor credit cards, a point to which we shall return, and the amount of the drug; however, it is a reasonable inference that possession of an amount of contraband in excess of any amount which could be viewed as for personal use is possessed with intent to deliver. (*People v. Perine* (1980), 82 Ill. App. 3d 610, 402 N.E.2d 847; *People v. Kline* (1976), 41 Ill. App. 3d 261, 354 N.E.2d 46.) As both of the jury's permissive inferences are allowable under the decisions of this State, we find defendant's guilt established beyond a reasonable doubt.

■■ The second issue presented for our review is whether defendant was deprived of a fair trial and due process of law by reason of four occurrences. The first was the State's failure to furnish defendant with a copy of the booking sheet which indicated that he had $55.29 on his person when he was arrested. Where, as here, a general request for exculpatory evidence is made, the rule is as follows:

> "[I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." (*United States v. Agurs* (1976), 427 U.S. 97, 112-13, 49 L. Ed. 2d 342, 355, 96 S. Ct. 2392, 2402.)

We do not find that the additional evidence creates a reasonable doubt about defendant's guilt. As previously indicated, the jury was entitled to infer the intent to deliver from the amount of cocaine involved. The presence of a little over $55 on the person who possesses what the police valued as $80,000 to $100,000 of the drug does not justify a new trial.

The second occurrence was Lieutenant Templeton's testimony that when he examined defendant's wallet, it contained no money or credit cards. As there is nothing in the record that establishes that the lieutenant was aware the money was removed at an earlier point in time, we cannot

agree that he perjured himself. The third occurrence was the State's comment, during final argument, that the informant's identity was not disclosed to protect him from defendant. As no objection to the comment was voiced, this issue has been waived.

■■ The fourth occurrence alleged to deprive defendant of a fair trial and due process was that members of the State's Attorney's office eavesdropped on a conversation between defendant and a sheriff's deputy. In the conversation, defendant told the deputy what his attorneys had told him about his trial and that he would not be taking the stand. Eavesdropping contemplates the use of a device (Ill. Rev. Stat. 1979, ch. 38, par. 14—2), and none was here used. Nothing in the record establishes that any of the overheard conversation was introduced into evidence, or otherwise used. The fact that defendant would not take the stand might be significant in another context, but defendant had two prior drug offense convictions and was only able to travel as a result of being free on a Federal appellate bond. At most, the State's assumed suspicion that defendant would not testify for fear of impeachment was confirmed. We therefore find that defendant was not denied a fair trial or due process of law.

■■ The third issue presented for our review is whether the trial court erred in allowing alleged hearsay testimony regarding the telephone conversation with the informant. As this testimony merely explained why the police followed defendant and searched the automobile, it did not constitute hearsay (*People v. Romo* (1980), 85 Ill. App. 3d 886, 407 N.E.2d 661, *appeal denied* (1980), 81 Ill. 2d 597; *People v. Sanders* (1980), 80 Ill. App. 3d 809, 400 N.E.2d 468, *appeal denied* (1980), 81 Ill. 2d 586; *People v. Daliege* (1976), 40 Ill. App. 3d 706, 352 N.E.2d 247), and the court ruled appropriately.

■■ ■ The fourth issue is whether the trial court erred in refusing defendant's jury instructions defining "intent" and "knowledge" according to their statutory definitions. As the given and refused instructions in this cause have not been proffered, we decline to address this issue. (*People v. Daily* (1968), 41 Ill. 2d 116, 242 N.E.2d 170, *cert. denied* (1969), 395 U.S. 966, 23 L. Ed. 2d 752, 89 S. Ct. 2112.) The fifth issue, whether the classification of cocaine as a narcotic denied defendant his constitutional right to equal protection, has been decided contrary to his position in *People v. McCarty* (1981), 86 Ill. 2d 247, 427 N.E.2d 147. The sixth issue is whether the court erred in refusing to grant an evidentiary hearing on, and denying, defendant's post-trial motion. As the court accepted the truth of the factual allegations of the motion, no hearing was necessary. The substantive bases of the denial have been previously addressed in this opinion.

■■ The final issue presented for our review is whether the sentence

imposed on defendant was an abuse of discretion. Defendant so charac-
terizes it on the bases of its length and consecutiveness. The court
considered both the nature and times of occurrence of defendant's
previous convictions. In March 1974, he was sentenced to five years'
probation by a Texas court for possession of cannabis. In March 1980, he
was sentenced to a four-year term of imprisonment by the Federal
District Court of Texas for conspiracy to possess with intent to deliver
cannabis. In July 1980, while on an appellate bond, he committed the
instant offense. The court further considered that the quantity of the drug
involved, measured by its weight or value, was the type of offense the
legislature deemed quite serious. Under these circumstances, we do not
find the 12-year sentence an abuse of discretion. As for its consecutive-
ness, the court may impose a consecutive sentence if, considering various
factors, such is necessary to protect the public from further criminal
conduct. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—4(b).) As the basis for
the decision is reflected in the record (see *People v. Ferguson* (1981), 99
Ill. App. 3d 779, 786, 425 N.E.2d 582, 586), we find no abuse of discretion
in imposing a consecutive sentence.

Accordingly, the judgment of the circuit court of La Salle County is
affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.