THIRD DIVISION

November 26, 1997

No. 1-95-0845)

No. 1-95-1685) consolidated

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

JOSE RIVERA,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Daniel J. Kelly,

Judge Presiding.

JUSTICE LEAVITT delivered the opinion of the court:

Defendant Jose Rivera was charged with possession of a controlled substance with intent to deliver in violation of section 401 of the Illinois Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 1992)).  Following a bench trial, defendant was convicted and sentenced to eight years' imprisonment, to run consecutively with another conviction.  In these consolidated cases, defendant appeals from his conviction and sentence and the denial of his petition for post-conviction relief.

On appeal, the parties agree as to the relevant facts in this case.  Chicago police officer Dennis O'Shea was working narcotics surveillance on July 31, 1993.  A tip had been received from a confidential informant, who related that a drug transaction was to take place in the 400 block of West Dickens in Chicago.  Upon arriving at that location, O'Shea observed defendant talking with another individual, Reynaldo Moctezuma.  Moctezuma handed defendant a small plastic bag.  O'Shea did not observe money change hands.

When O'Shea approached, defendant threw the bag he had been given into the gutter.  O'Shea recovered a golf ball-sized object, which he suspected contained cocaine.  It was stipulated at trial that the bag was found to contain 26.8 grams (slightly less than an ounce) of cocaine.  O'Shea estimated an ounce of cocaine sold for $850 to $1,100 on the street.  (We note that both parties, in their appellate briefs, refer to the recovered cocaine as having a total weight of 28.6 grams.  However, the stipulation at trial was that the weight of the cocaine was 26.8 grams.  We assume the stipulation to be accurate, and we will refer to the quantity of recovered cocaine as 26.8 grams for purposes of this appeal.)  

The trial judge found defendant guilty of possession with intent to distribute, though he noted the evidence of intent to deliver was "not so clear."  Addressing the fact that no money had been exchanged between defendant and Moctezuma, the trial judge reasoned that "people who are in the higher echelons of this type of business don't require their mules or their sellers to pay them in advance for what they take out to sell."  He considered the amount of cocaine involved (slightly less than an ounce) as proof that defendant did not possess the cocaine for personal consumption, although he remarked that it has been held "in some cases that the mere possession of an amount such as that [in this case] is not sufficient to show intent to deliver."

On appeal, defendant does not challenge the trial court's finding that he possessed the cocaine recovered by O'Shea.  Rather, he argues the State failed to introduce evidence sufficient to support a finding that he intended to distribute the cocaine.  We agree.

In reviewing defendant's conviction, we must ask whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that defendant intended to deliver the cocaine given to him by Moctezuma.  See 
People v. Robinson
, 167 Ill. 2d 397, 407, 657 N.E.2d 1020 (1995); 
People v. Nixon
, 278 Ill. App. 3d 453, 457, 663 N.E.2d 66 (1996).  Since direct evidence of intent to deliver is rare, such intent is usually proved by circumstantial evidence.  
Robinson
, 167 Ill. 2d at 408; 
People v. Jones
, 286 Ill. App. 3d 777, 784, 676 N.E.2d 1335 (1997); 
People v. Clemons
, 277 Ill. App. 3d 911, 923, 661 N.E.2d 476 (1996).  A variety of factors are indicative of intent to deliver, such as: (1) whether the quantity of the controlled substance possessed is too large to be viewed as being for personal consumption; (2) the high purity of the drug confiscated; (3) possession of weapons; (4) possession of large amounts of cash; (5) possession of police scanners, beepers or cellular telephones; (6) possession of drug paraphernalia; and (7) the manner in which the substance is packaged.  
Robinson
, 167 Ill. 2d at 408; 
Nixon
, 278 Ill. App. 3d at 457; 
People v. Beverly
, 278 Ill. App. 3d 794, 799, 663 N.E.2d 1061 (1996).

None of the above indicia of intent to deliver are present here.  No evidence was introduced that the cocaine possessed by defendant was of high purity and therefore likely to be "cut" or diluted for sale on the street (in fact, there was no evidence 
whatsoever
 as to the purity of the cocaine).  No weapons were found in defendant's possession.  No amounts of cash were recovered from defendant and inventoried.  He was not found in possession of a police scanner, beeper, or cellular telephone, and no paraphernalia associated with the selling of cocaine was recovered.  The packaging of the cocaine in this case (one package as opposed to many) does not evidence an intent to deliver.  

As evidence of intent to deliver, the State points out "the trier of fact could consider that police received word of a potential drug exchange occurring at a particular time and place, police witnessed a drug exchange, as expected, and no money was exchanged at the same time."  We fail to see how the transaction observed by police in the present case supports a finding that defendant possessed the cocaine with the intent to distribute it.  Defendant was observed 
receiving
 cocaine, not 
selling
 it.  The fact that defendant was observed 
being handed cocaine supports only a finding of simple possession, given the absence of other indicia of an intent to distribute.  The trial court's reasoning that defendant was probably a "mule" who was being "fronted" the cocaine (which would explain why no cash changed hands here) is simply too speculative to justify defendant's conviction of possession with intent to deliver.  

The State urges that we uphold the trial court's ruling in light of our supreme court's decision in 
People v. Robinson
, 167 Ill. 2d 397, 657 N.E.2d 1020 (1995).  The 
Robinson
 court found there was sufficient evidence to justify the jury's finding that the defendant possessed 2.8 grams of cocaine and 2.2 grams of phencyclidine (PCP) with the intent to deliver.  
Robinson
, 167 Ill. 2d at 414.  Yet 
Robinson
 is easily distinguished from the present case.  A number of the factors discussed earlier as being indicative of intent to deliver were present in 
Robinson
.  Forty individual packets, containing two different types of controlled substances, were recovered in 
Robinson
.  Moreover, police responding to several anonymous complaints of drug sales occurring at defendant's apartment building observed heavy traffic moving in and out of defendant's building.  
Robinson
, 167 Ill. 2d at 413-14.  

The only factor which arguably supports an inference of intent to deliver in the present case is the quantity of cocaine (26.8 grams) defendant possessed.  As the State correctly points out, our supreme court has recognized that quantity alone may, under certain circumstances, constitute sufficient circumstantial evidence of intent to deliver.  
Robinson
, 167 Ill. 2d at 410-11.  However, quantity alone will suffice "only where the amount of controlled substance could not reasonably be viewed as designed for personal consumption," and, as the 
Robinson
 majority further noted, "[a]s the quantity of controlled substance in the defendant's possession decreases, the need for additional circumstantial evidence of intent to deliver to support a conviction increases."  
Robinson
, 167 Ill. 2d at 411, 413.  

The trial judge held that the amount of cocaine possessed by defendant in this case was sufficient to support a conviction of possession with an intent to deliver, despite the lack of any other circumstantial evidence of such intent.  We cannot agree.  In 
United States v. Latham
, 874 F.2d 852 (1st. Cir. 1989), the defendant was charged with possession of an ounce of cocaine with the intent to distribute.  See 21 U.S.C. § 841(a)(1) (West 1992) ("it shall be unlawful for any person knowingly or intentionally *** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance ***").  One of the government's own witnesses in 
Latham
 testified that a heavy cocaine user could go through an ounce of cocaine in one and a half to two days.  
Latham
, 874 F.2d at 863.  In light of this testimony, as well as the fact that the defendant and another individual were found to have jointly possessed the ounce of cocaine, the 
Latham
 court reversed the defendant's conviction for possession with intent to distribute.  In so doing, the court held that "[b]oth the record and the case law counsel that an inference of intent to distribute is not warranted from the possession of one ounce of cocaine."  
Latham
, 874 F.2d at 863.  See also 
United States v. Franklin
, 728 F.2d 994, 1000 (8th Cir. 1984) (reducing conviction for possession of 35 grams of 42% pure cocaine with intent to distribute to simple possession where cocaine was not packaged in a manner consistent with distribution and no distribution paraphernalia, amounts of cash, weapons, or other indicia of narcotics distribution were recovered, noting that "[a] search of authority fails to reveal a single case in which [35 grams of cocaine], without more, constitutes sufficient evidence from which intent to distribute can be inferred").  

We agree with the reasoning of the 
Latham
 court.  Admittedly, defendant did not offer any evidence in the present case supporting the view that such a quantity of cocaine was consistent with personal consumption.  Nevertheless, it was the State's burden to produce sufficient evidence of intent to deliver.  The State offered no expert testimony in the present case that the amount of cocaine possessed by defendant was inconsistent with personal consumption.  But 
cf
. 
Nixon
, 278 Ill. App. 3d at 458-59 (reducing defendant's conviction for possession of 6.6 grams of cocaine with intent to deliver to simple possession, even though three police officers testified before the jury that the amount of cocaine defendant possessed was more than an individual would generally possess for personal use).  In the absence of further circumstantial proof of an intent to deliver, we believe possession of an ounce of cocaine alone does not suffice.  See generally 
People v. Campbell
, 115 Mich. App. 369, 374-76, 320 N.W.2d 381, 383-84 (1982) (discussing Michigan law, M.C.L. § 333.7403, which essentially creates a conclusive presumption of intent to deliver when an individual is found to possess 50 grams or more of cocaine, by equating the sentences of possession and possession with intent to deliver when such levels of cocaine are involved); Annotation, 
Sufficiency of Evidence That Possessor of Cocaine Had Intent to Distribute It, So As To Violate 21 USCS § 841(a)(1)
, 80 A.L.R. Fed 397, 403-10 & 20-23 (1986 & 1988 Supp.) (collecting cases in which the quantity of cocaine alone was sufficient to establish intent to distribute under 21 U.S.C. § 841(a)(1), with the amount of recovered cocaine in these cases typically being in the kilogram range); Siegel, 
Cocaine Smoking
, 14 J. Psychoactive Drugs 271, 315-16 (1982) (relating that individual consumption of cocaine when "free-basing" may range from one gram to 30 grams per 24-hour period "although some users have reported smoking up to 150 grams in 72 hours").

The State has not directed us to any case in Illinois where possession with intent to deliver has been found based solely on possession of an ounce of cocaine.  The only two cases cited by the supreme court in 
Robinson
 regarding the amount of cocaine which exceeds that which might reasonably be viewed as for personal consumption, 
People v. Romero
, 189 Ill. App. 3d 749, 546 N.E.2d 7 (1989) and 
People v. Munoz
, 103 Ill. App. 3d 1080, 432 N.E.2d 370 (1982), do not support a finding of intent to deliver in the instant case.  The defendant in 
Munoz
 was found in possession of 250.1 grams of cocaine, far in excess of the 26.8 grams at issue here.  
Munoz
, 103 Ill. App. 3d at 1081.  While the defendant in 
Romero
 possessed an amount of cocaine somewhat closer to the amount in this case (36.9 grams), the cocaine was packaged in four separate bags.  Moreover, other indicia of an intent to distribute were present in 
Romero
: a large amount of cash ($2,900), a grinder, a scale, and a bottle of Inositol (an agent used to "cut" cocaine).  
Romero
, 189 Ill. App. 3d at 756.

In other Illinois cases involving possession of amounts of cocaine in the range possessed by defendant here, other factors indicative of intent to deliver were present.  See, 
e.g.
, 
People v. Stone
, 244 Ill. App. 3d 881, 614 N.E.2d 293 (1993) (26.2 grams of cocaine recovered, as well as $10,420 in cash, an automatic assault rifle fully loaded with thirty rounds of ammunition, an additional 18 rounds, two clips containing nine rounds each and a box of "32 special" ammunition); 
People v. Robinson
, 233 Ill. App. 3d 278, 598 N.E.2d 1348 (1992) (28.2 grams of cocaine recovered, along with a scale, a large amount of money, guns, ammunition, pagers and drug records); 
People v. Tovar
, 169 Ill. App. 3d 986, 523 N.E.2d 1178 (1988) (31.9 grams of cocaine recovered, but defendant was also found to possess heroin, marijuana, a scale, a large amount of cash, and a .38-caliber handgun); 
People v. Schaefer
, 133 Ill. App. 3d 697, 479 N.E.2d 428 (1985) (21.9 grams of cocaine recovered, as well as marijuana, a battery-powered grinder, a scale, a starter pistol, a sawed-off shotgun, a .45-caliber pistol with a loaded clip and an extra .22-caliber barrel with a loaded clip, and two other shotguns).  But 
cf
. 
People v. Cameron
, 189 Ill. App. 3d 998, 546 N.E.2d 259 (1989) (28 grams of cocaine, with only other evidence of intent being a State's witness' testimony that an average user would not normally possess such a quantity of cocaine for personal use). 
 Moreover, in none of these cases did the court conclude, as a matter of law, the amount of cocaine possessed exceeded an amount which could reasonably be viewed as being possessed for personal consumption.  And, while some courts have affirmed delivery convictions where considerably smaller amounts of cocaine were involved, in each case other evidence of intent was introduced.  See, 
e.g.
, 
People v. Foules
, 258 Ill. App. 3d 645, 630 N.E.2d 895 (1993) (18.86 grams of cocaine, but police observed additional cocaine being thrown from car, two gram scales, bottle of mannitol ("cutting" agent), large number of $5 bills, and gun also recovered); 
People v. Green
, 256 Ill. App. 3d 496, 628 N.E.2d 586 (1993) (1.16 grams of cocaine, but packaged in 18 separate packets and recovered with 26 packets of heroin); 
People v. Greenleaf
, 254 Ill. App. 3d 585, 627 N.E.2d 111 (1993) (4.36 grams of cocaine, but evidence of multiple transactions occurring in apartment where defendant was arrested); 
People v. Bradford
, 239 Ill. App. 3d 796, 607 N.E.2d 625 (1993) (1.3 grams of crack cocaine, cellular telephone, programmable scanner, packaging indicative of intent also found); 
People v. Pavone
, 241 Ill. App. 3d 1001, 609 N.E.2d 906 (1993) (14.03 grams of cocaine, packaged in 38 individual packets, found along with a sifter instrument and a .357 revolver); 
People v. McDonald
, 227 Ill. App. 3d 92, 590 N.E.2d 1003 (1992) (10.6 grams of cocaine recovered, along with four bags of cannabis, a grinder, a catch basin, inositol, plastic bags, a portable scale, and pharmaceutical seals, and defendant admitted to officers that he had been purchasing cocaine for distribution); 
People v. Jones
, 215 Ill. App. 3d 652, 575 N.E.2d 561 (1991) (14.7 grams of cocaine contained in 50 individual packets, with expert testimony that the cocaine was packaged for street sale; unlikely defendant had traveled from Chicago to Peoria to purchase drugs for his own consumption, and $1,000 in currency was recovered from defendant); 
People v. Berry
, 198 Ill. App. 3d 24, 555 N.E.2d 434 (1990) (3.9 grams of cocaine, expert testimony that defendant likely engaged in selling of cocaine due to amount of cocaine, lack of user paraphernalia, and $3,100 recovered from defendant); 
People v. LeCour
, 172 Ill. App. 3d 878, 527 N.E.2d 125 (1988) (3.3 grams of cocaine recovered, but evidence of two transactions in which defendant sold cocaine through the use of his beeper); 
People v. Marshall
, 165 Ill. App. 3d 968, 521 N.E.2d 538 (1988) (13.88 grams of cocaine recovered, along with marijuana, plastic bags, measuring spoons, a scale, a handgun, and $600 in cash).

In sum, the evidence in the present case was simply insufficient to sustain a conviction for possession with intent to deliver.  Our legislature has explicitly stated its intention to punish dealers of controlled substances more severely than users of these substances.  See 720 ILCS 570/100 (West 1992) (stating "[i]t is not the intent of the General Assembly to treat the unlawful user or occasional petty distributor of controlled substances with the same severity as the large-scale, unlawful purveyors and traffickers of controlled substances").  As a result, the penalties for possession with intent to deliver are significantly harsher than those for simple possession.  Compare 720 ILCS 570/401(a)(2)(A) (West 1992) (making possession with intent to deliver "15 grams or more but less than 100 grams of a substance containing cocaine" a Class X felony punishable by "not less than 6 years and not more than 30 years" imprisonment) and 730 ILCS 5/5-5-3(c)(2) (West 1992) (making possession with intent to deliver over 5 grams of cocaine a Class 1 felony requiring a minimum mandatory sentence of four years' imprisonment) with 720 ILCS 570/402(a) (West 1992) (making simple possession of "15 grams or more but less than 100 grams" of cocaine a probationable Class 1 felony).  Moreover, case law suggests cocaine consumption varies markedly from individual to individual, at least according to the various police and expert witnesses that testify about average user consumption in these cases.  Compare 
Latham
, 874 F.2d at 863 (government's own witness
 testified that a heavy cocaine user could go through an ounce of cocaine in one and a half to two days) with 
Nixon
, 278 Ill. App. 3d at 458-59 (where three police officers testified that the amount of cocaine defendant possessed-- 6.6 grams --was more than an individual would generally possess for personal use).  
See generally 14 J. Psychoactive Drugs at 316 (noting five patterns or levels of cocaine use: experimental use, social-recreational use, circumstantial-situational use, intensified use, and compulsive use).  In light of the foregoing considerations, trial courts should be hesitant in concluding that an intent to deliver has been proved in cases such as the present one, where the only evidence relied upon in support of such a finding is the quantity of cocaine recovered.  
Cf
. 
Robinson
, 167 Ill. 2d at 416-17 (Heiple, J., dissenting, joined by Bilandic, J.) (criticizing the majority's finding that there was sufficient evidence of intent to deliver); 
People v. Crenshaw
, 202 Ill. App. 3d 432, 436, 559 N.E.2d 1051 (1990) (reducing the defendant's conviction to simple possession where 11.2 grams of cocaine, divided into 22 individual packets, was recovered, due to a lack of sufficient evidence of intent to deliver).  The trial judge in the instant case was justifiably concerned that the evidence of intent to deliver was "not so clear" here.

Pursuant to our powers under Supreme Court Rule 615(b)(3) (134 Ill.2d R. 615(b)(3)), we reduce defendant's conviction to unlawful possession of 15 grams or more but less than 100 grams of a substance containing cocaine (720 ILCS 570/402(a)(2)(A) (West 1992)).  Consequently, we vacate defendant's sentence and remand the cause to the circuit court for a new sentencing hearing.

Reversed and remanded.

COUSINS, J., and CAHILL, J., concur.