THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPHAEL CONTRERAS, Defendant-Appellant.

First District (1st Division) No. 1—00—1910

Opinion filed January 14, 2002.

Michael J. Pelletier and Patricia Mysza, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

Defendant Ralphael Contreras[1] was indicted in the circuit court of Cook County on a single count of possession of a controlled substance (cocaine) with intent to deliver. 720 ILCS 570/401(a)(2)(C) (West 1992). Defendant filed a motion to suppress evidence, which was denied after a hearing. Defendant subsequently waived his right to a jury trial. On November 22, 1999, a bench trial took place during which the parties waived opening argument and stipulated to the transcript of the suppression hearing. Based on the transcript and stipulated lab results, the trial court found defendant guilty of possession of a controlled substance (cocaine) with intent to deliver. Defendant was sentenced to 15 years' imprisonment. On appeal, defendant's sole contention is that because the State failed to prove intent to deliver beyond a reasonable doubt, his conviction should be reduced to simple possession. We affirm.

## BACKGROUND

The evidence introduced at the suppression hearing reveals that on the afternoon of January 28, 1997, Chicago police officer Rudy Rodriguez and his partner, Officer Murray, were conducting an unrelated narcotics investigation in the vicinity of 2293 North Milwaukee Ave-

---

[1]Defendant is also known as Carmelo Gil.

nue in Chicago. The officers were members of Unit 189, a special unit of citywide narcotics investigators. Officer Rodriguez testified that he and Officer Murray were driving an unmarked police vehicle when he observed a black Thunderbird automobile without a rear license plate and with a completely snow-covered rear window. Officer Rodriguez attempted to effectuate a traffic stop of the vehicle by turning on his siren and oscillating headlights. Because the driver of the Thunderbird failed to stop, the officers were forced to pull in front of the vehicle. When the Thunderbird finally came to a stop, defendant, who was the sole occupant, jumped out of the vehicle and ran. Officers Rodriguez and Murray exited their police vehicle and chased defendant down the street. While pursuing defendant, Officer Rodriguez observed defendant pull a brown paper bag from the chest area of his jacket and throw it into the air. The brown paper bag landed on the hood of a parked vehicle and broke open, revealing a "lunch bag size" clear plastic bag containing a "white chunky substance." Defendant was subsequently apprehended and placed under arrest. On cross-examination, Officer Rodriguez admitted that the vice case report he prepared did not mention that defendant tried to elude the officers or flee from the vehicle.

Defendant provided a contrary account of what occurred on the afternoon of January 28, 1997. Defendant testified that he was driving a black Thunderbird belonging to his friend, Alejandro Garcia, on Milwaukee Avenue when he was pulled over by the police. According to defendant, the squad car was occupied by two police officers. After defendant pulled over, one of the officers exited the squad car and approached the vehicle asking defendant to produce a driver's license. When defendant was unable to produce a driver's license, the officer requested that defendant exit the vehicle. Defendant exited the vehicle and the officer placed him in the back of the squad car. According to defendant, while he was sitting in the back of the squad car, both officers searched the black Thunderbird. After searching the Thunderbird, the officers informed defendant that they had found drugs in the vehicle. Defendant further testified that he did not know that drugs were in the vehicle, he did not give the police permission to search the vehicle and the police did not show him a warrant to search the vehicle.

The parties stipulated that after chemical analysis, Debra Minton, a forensic scientist employed by the Illinois State Police Crime Lab, determined that the clear plastic bag containing white powder weighed 458.9 grams and tested positive for cocaine.

After considering the officers' testimony at the suppression hearing, as well as the stipulated lab results, the trial court determined

that the State proved beyond a reasonable doubt that defendant possessed the cocaine with the intent to deliver and sentenced defendant to 15 years' imprisonment. This appeal followed.

## ANALYSIS

The sole issue on appeal is whether the State proved beyond a reasonable doubt that defendant intended to deliver the cocaine where the only evidence introduced to support an inference of intent to deliver was the weight of cocaine recovered.

■ "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Clemons*, 277 Ill. App. 3d 911, 923 (1996). "In addressing the question of the sufficiency of the evidence it is not the court's role to reweigh the evidence." *People v. Hendricks*, 325 Ill. App. 3d 1097, 1110 (2001). Rather, the relevant question on review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Jimerson*, 127 Ill. 2d 12, 43-44 (1989).

■ In order to sustain a conviction for possession of a controlled substance with intent to deliver, the State must prove beyond a reasonable doubt that: (1) the defendant had knowledge of the presence of narcotics; (2) the narcotics were in the immediate control or possession of the defendant; and (3) the defendant intended to deliver the narcotics. *People v. Pintos*, 133 Ill. 2d 286, 291-92 (1989). The only element of the offense that defendant challenges as not having been proved beyond a reasonable doubt is intent to deliver. Defendant concedes that the weight of the cocaine recovered is a "circumstance tending to raise an inference of intent to deliver" and makes no argument that the amount of cocaine recovered in this case is consistent with personal use. Defendant does argue, however, that the State's failure to offer any other indicia of intent to deliver should be fatal to its case. Specifically, defendant argues that the State offered "absolutely no evidence" of the purity of the cocaine or that the amount of cocaine recovered was inconsistent with personal use.

■ Because direct evidence of intent is rare, intent to deliver is commonly proved by circumstantial evidence. *People v. Rivera*, 293 Ill. App. 3d 574, 576 (1997); *People v. Green*, 256 Ill. App. 3d 496, 500-01 (1993). Our supreme court has established several factors that courts may use to support an inference of intent to deliver. These factors are: (1) whether the quantity of the controlled substance is in excess of an amount to be viewed as being for personal consumption; (2) the purity of the substance; (3) possession of weapons; (4) possession of large

amounts of cash; (5) possession of police scanners, pagers, or cellular phones; (6) possession of drug paraphernalia; and (7) the manner in which the substance is packaged. *People v. Robinson*, 167 Ill. 2d 397, 408 (1995). "The question of whether the evidence is sufficient to prove intent to deliver must be determined on a case-by-case basis." *Robinson*, 167 Ill. 2d at 412-13.

The State "maintains that it proved beyond a reasonable doubt that defendant possessed the drugs with intent to deliver." The State asserts that the large amount of cocaine recovered in this case, 458.9 grams, "could not reasonably be inferred to represent an amount consistent with personal use." Additionally, the State asserts that the "drugs were packaged in a manner from which delivery can be inferred."

A review of the record reveals that the only recognized indicia of intent to deliver present here is the quantity of cocaine possessed by defendant. The State offered no expert testimony that the quantity of cocaine recovered was in excess of an amount to be viewed as being for personal consumption. *People v. Rivera*, 293 Ill. App. 3d 574, 578 (1997). There was no evidence offered as to the purity of the cocaine. *People v. Pavone*, 241 Ill. App. 3d 1001, 1004 (1993). No weapons, large amounts of cash, police scanners, pagers, cellular phones or drug paraphernalia associated with the selling of cocaine were recovered from the black Thunderbird. See *People v. Friend*, 177 Ill. App. 3d 1002, 1021-22 (1988) (two handguns, a gram scale and $2,480 cash recovered); *People v. Bradford*, 239 Ill. App. 3d 796, 799-800 (1993) (cellular telephone and a programmable scanner recovered). Moreover, contrary to the State's assertion, the cocaine recovered was packaged in one "lunch bag size" clear plastic bag, as opposed to the many small packets typically associated with drug trafficking. *Rivera*, 293 Ill. App. 3d at 576-77.

In *People v. Robinson*, 167 Ill. 2d 397, 410-11 (1995), our supreme court stated that under certain circumstances "the quantity of [a] controlled substance alone can be sufficient evidence to prove an intent to deliver beyond a reasonable doubt." However, the court went on to note that "such is the case only where the amount of [the] controlled substance could not reasonably be viewed as designed for personal consumption." *Robinson*, 167 Ill. 2d at 411. According to the court, "[a]s the quantity of controlled substance in the defendant's possession decreases, the need for additional circumstantial evidence of intent to deliver to support a conviction increases." *Robinson*, 167 Ill. 2d at 413.

Based on *Robinson*, the narrower issue before this court is whether, in viewing the evidence in the light most favorable to the

prosecution, the trial court could have concluded beyond a reasonable doubt that the 458.9 grams of cocaine possessed by defendant were not designed for personal consumption.

Defendant cites to *People v. Rivera*, 293 Ill. App. 3d 574 (1997), in support of his contention that in this case the quantity of cocaine alone cannot support a finding beyond a reasonable doubt of intent to deliver. Defendant argues that the case law analyzed in *Rivera* demonstrates that cocaine use varies markedly from person to person and as a result trial courts should be hesitant to find an intent to deliver where the only evidence relied upon in support of such a finding is the quantity of the cocaine recovered. *Rivera*, 293 Ill. App. 3d at 578. We find the situation presented in *Rivera* to be distinguishable from this case. In *Rivera*, the court found that, in the absence of additional evidence, possession of 26.8 grams of cocaine alone did not support an inference of intent to deliver. Here, however, defendant was found in possession of 458.9 grams of cocaine— slightly more than 1 pound—about 17 times the amount recovered in *Rivera*.

The State's reliance on *People v. Chapple*, 291 Ill. App. 3d 574 (1997), and *People v. Green*, 256 Ill. App. 3d 496 (1993), in support of its argument that the evidence presented constituted sufficient proof of intent to deliver, is similarly misplaced. In *Chapple*, the defendant was found guilty of possession of crack cocaine with intent to deliver where the police encountered defendant in a house known to be the site of drug trafficking, defendant possessed 26.5 grams of crack cocaine along with 11 plastic bags, $500 was found on defendant's person and a police expert testified that the amount of crack cocaine recovered was the equivalent of 130 doses and therefore could not reasonably be considered for personal use. *Chapple*, 291 Ill. App. 3d at 579-81. Here, on the other hand, the police encountered defendant during a routine traffic stop, defendant possessed 458.9 grams of cocaine packaged in one "lunch bag size" plastic bag, no amount of cash was recovered and the State failed to present expert testimony demonstrating that the amount of cocaine recovered exceeded an amount usually possessed for personal consumption.

In *Green*, intent to deliver was proven where the police recovered 18 clear packages of cocaine and 26 tinfoil packages of heroin, the State presented expert police testimony that this type of packaging was commonly used in drug trafficking and the police recovered a scale from defendant's apartment. *Green*, 256 Ill. App. 3d at 501. In the case at bar, defendant possessed only one "lunch bag size" clear plastic bag containing cocaine and the State did not present any expert testimony that this type of packaging was commonly used in trafficking cocaine.

■ This case speaks eloquently to the difficulties a trier of fact faces when the amount of cocaine recovered lies somewhere between the single ounce possessed in *Rivera* and a truckload. However, as the court of appeals, our analysis is constrained by the standard of review we must apply in sufficiency of the evidence cases. Based on the supreme court's guidance in *Robinson* and after viewing the evidence in the light most favorable to the prosecution, we cannot conclude that the trial court erred in finding defendant guilty of possession of cocaine with intent to deliver based on the weight of the cocaine alone. *Robinson* dictates that the quantity of a controlled substance alone can be sufficient evidence to prove intent to deliver beyond a reasonable doubt where the amount of the controlled substance could not reasonably be viewed as designed for personal consumption. *Robinson*, 167 Ill. 2d at 410-11. Defendant was in possession of 16.1 ounces—just over 1 pound—of cocaine at the time of his arrest. A rational trier of fact could reasonably conclude that defendant intended to deliver and not personally consume the cocaine in his possession.

Accordingly, the judgment of the circuit court is affirmed. We also grant the State's request for $100 in costs for defending this appeal and incorporate it as part of our judgment. 725 ILCS 5/110—7(h) (West 1998); 725 ILCS 130/13 (West 1994); 55 ILCS 5/4—2002.1 (West 1998).

Affirmed.

TULLY and COUSINS, JJ., concur.